FREDERICK KOLB, PROSECUTOR, v. THE MAYOR, &c., OF BOONTON.

Argued June 12, 1899—Decided November 13, 1899.

1. A tax upon business carried on within a state and without discrimination between its citizens and the citizens of other states, even if it incidentally affects interstate commerce, is in no sense a regulation of such commerce, and its imposition is not a violation of the federal constitution.

2. A municipal ordinance, passed in pursuance of a legislative enactment which authorizes the imposition of license fees upon various kinds of business carried on within the municipality, is not invalid because it selects certain of them for such imposition and does not embrace all.

3. A summary conviction, which does not contain the evidence upon which it was had, is fatally defective.

On *certiorari.*

Before Justices Depue, Gummere and Ludlow.

For the prosecutor, *Benjamin W. Ellicott.*

For the defendant, *Newton S. Kitchell.*

The opinion of the court was delivered by

Gummere, J.   The *certiorari* in this case removes into this court for review the summary conviction of the prosecutor, had before a justice of the peace of the town of Boonton, for carrying on the business of a peddler within the town limits, in violation of the provisions of "An ordinance concerning licenses to hawkers, peddlers, canvassers and auctioneers," which was passed by the town council under authority of the act respecting licenses, &c., approved March 31st, 1890. *Pamph L., p.* 150.   The act referred to empowers the governing body of any incorporated town to pass ordinances licensing hawkers, peddlers, auctioneers and itinerant venders of merchandise, and to prescribe penalties for the violation of such ordinances.

The first reason presented for the setting aside of this conviction is the alleged invalidity of the ordinance under which it was had.   Such invalidity is said to result from the fact that the ordinance necessarily regulates interstate commerce, and from the further fact that, after imposing a license fee upon hawkers, peddlers, canvassers and auctioneers, it then proceeds to exempt from its provisions farmers who bring the produce of their farms into town and dispose of it there, and also persons selling wood or charcoal, and persons having stores or other places of business in the town.

The ordinance is not invalid on the first ground stated. A tax on business carried on within a state, and without discrimination between its citizens and the citizens of other states, even if it incidentally affects interstate commerce, is in no sense a regulation of such commerce, and its imposition is not a violation of the federal constitution. *Ficklen* v. *Shelby County*, 145 *U. S.* 1. And even if it was invalid against the citizens of other states, as a regulation of interstate commerce, it would still be good as against a resident of this state. The federal constitution does not in any way affect the right of a state to tax its own internal commerce; and if it be said that a tax such as is authorized by this ordinance and the statute under which it was passed, by reason of its invalidity against the citizens of other states, operates as a discrimination against the citizens of this state, and is therefore illegal; the answer is that the state itself, of its own free will, and in the exercise of its sovereign power, is the author of such discrimination.

Nor is the ordinance objectionable on the second ground suggested. A municipality which seeks to exercise the powers conferred by the act of 1890, respecting licenses, is not bound to impose a license fee upon every. business mentioned in the statute. It may select such of them as it deems proper subjects for license, and, so long as there is no discrimination in the imposition of the license fee, its action cannot be successfully challenged.

It is observed that the ordinance imposes a license fee upon -canvassers as well as upon hawkers, peddlers and auctioneers. The act of 1890 does not, in terms, include the former in the enumeration of businesses which may be licensed. But it is unnecessary to consider whether this provision is void, for ordinances, like acts of the legislature, may be good in part though bad in other separable and independent provisions. *Hershoff* v. *Beverly*, 16 *Vroom* 288; *Morgan* v. *Orange*, 21 *Id.* 389.

But, although we consider the ordinance valid, so far as it affects the prosecutor, we think that the conviction had under

it cannot be sustained.    The proceeding was a summary one, had before a justice of the peace sitting as a magistrate and not as a Court for the Trial of Small Causes.    The common law rule is that in such proceedings the conviction must contain, among other things, the evidence presented, so that the reviewing court may discover the grounds on which the adjudication of the magistrate was made.    *Hoeberg* v. *Newton*, 20 *Vroom* 617; *Pell* v. *Newark*, *Id.* 594; *Preusser* v. *Cass*, 25 *Id.* 534; *Salter* v. *Bayonne*, 30 *Id.* 128.

This rule has been done away with by statute in the case of summary convictions had before police courts in cities of the first class (*Gen. Stat.*, p. 2497, § 97), but this legislation has no application to municipalities of the class to which the town of Boonton belongs.    As to such municipalities convictions had therein must still conform to the common law rule.

In the record of conviction now before us, none of the evidence presented is set out.    This is a fatal defect, and the conviction must therefore be set aside.

The prosecutor is entitled to costs.