GIANT TIGER CORPORATION AND MORTIMER KRINZMAN, PROSECUTORS, v. THE BOARD OF COMMISSIONERS OF THE CITY OF TRENTON, DEFENDANT.

Submitted May 12, 1933—Decided September 27, 1933.

Before Justices CASE, BODINE and DONGES.

For the prosecutors, *Alex Budson* and *Henry M. Hartman.*

For the defendant, *Charles E. Bird.*

PER CURIAM.

The writ brings up for review an ordinance of the city of Trenton providing for a license fee for certain food markets. The pertinent provisions of the ordinance, so far as this case is concerned, are as follows: "1. That no person, firm, partnership or corporation shall engage in the business of operating, conducting or maintaining a food market within any building or structure, within the limits of the city of

Trenton, and renting or leasing more than four concessions in any such building or structure to persons, natural or artificial, *to carry on various kinds and types of businesses* therein, without having first obtained a license therefor. The license fee shall be the sum of one hundred ($100) dollars per year for each and every concession and/or department rented, leased or operated in any such building or structure, such fee being imposed for the purpose of revenue. * * * 3. That this ordinance shall not be held to apply to any market conducted solely for the sale of food, products, cut flowers, potted plants, plants, shrubs, trees and seeds, nor to any open-air market."

The ordinance in question was adopted pursuant to legislative grant. *Pamph. L.* 1917, *pp.* 321, 358, as amended *Pamph. L.* 1918, *p.* 958. The statute (*Pamph. L.* 1917, *p.* 359) authorized the municipality to impose a license fee for revenue. The legislature has such power and the municipality may act thereunder. *Morgan* v. *Orange,* 50 *N. J. L.* 389, 391.

There is always a presumption in favor of the validity of a duly adopted ordinance which includes a presumption in favor of its reasonableness. *Wagman* v. *Trenton,* 102 *N. J. L.* 492; 134 *Atl. Rep.* 115. The only real question in this case is whether the third section of the ordinance exempting certain markets has invalidated the whole.

We think not. The distinction is between food markets where other articles are sold and food markets selling food, flowers, seeds and plants exclusively. The only open air market in the city is owned by the municipality. The imposition of a license fee for revenue upon such a market would be an absurdity. It would seem that the municipality might, in the exercise of a sound discretion, impose a license fee for revenue upon a food market where a general merchandising business was also conducted, and at the same time not impose a license fee upon the operation of a food market confining its business to the sale of food, flowers, seeds and plants. The character of the business conducted in the different markets is entirely distinct. In the market affected

by the ordinance in question everything may be sold, obviously to the advantage of the owner. In the market not affected by the ordinance merely food is sold, a commodity in which there is but a small margin of profit to the retailer.

A municipality is not obliged to require a licensee fee from food markets and because it does exact a license fee from a food market where general merchandise is sold neither seems to us unreasonable, arbitrary or discriminatory, but on the contrary a wise use of the power granted. Under the ordinance those who conduct a market for the sale of food and merchandise are all subject to payment of the license fee. The proprietor of such a market may escape by closing out the merchandise. The holder of a license for the sale of beer might as well complain of an ordinance excluding from its operation the vendor of soft drinks. There is nothing unreasonable in treating different businesses in different ways, and that is all that the ordinance in question accomplishes.

The other grounds urged are without merit. The writ will be dismissed, with costs.