ANTHONY VAN DER VLIET, PROSECUTOR, v. THE BOARD OF COMMISSIONERS OF THE CITY OF NEWARK, COUNTY OF ESSEX AND STATE OF NEW JERSEY, RESPONDENTS.

Submitted January 27, 1933—Decided December 29, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Israel B. Greene.*

For the respondents, *Frank A. Boettner* and *Frederick H. Groel.*

The opinion of the court was delivered by

HEHER, J.  The applicant seeks a writ of *certiorari* to review an ordinance adopted by respondent board, on September 14th, 1932, providing that no person shall "hawk, peddle, or sell any vegetables, green goods, farm produce, shrubbery, plants, bulbs or products of the nursery in a farmers' market or in stands or places in a farmers' market in the city of Newark without first having obtained a license therefor."  An

annual license fee of $25 is prescribed. It is recited in paragraph 5 that the ordinance is enacted for the purpose of raising revenue, and for the regulation and control of the business of hawking, peddling and selling the goods above mentioned in a farmers' market or in stands or places in a farmers' market in the city of Newark. The applicant operates a farm in Bergen county, where he also resides, and for several years prior to the enactment of the ordinance under attack, he sold his farm products at wholesale in the "Newark Farmers' Market," in the city of Newark, built by the Newark Farmers' Market, Incorporated, a corporation in which he is a stockholder. He was advised by the department of public safety of the city of Newark that, in order to continue trading at the Newark Farmers' Market, he must procure the license prescribed by the ordinance.

He assails the ordinance as discriminatory, in that it applies only to those who sell their products in a farmers' market. It is said that such a classification, "based purely on the location of a man's business, is arbitrary and oppressive, and denies due proces of law and equal protection of the law."

We find that this criticism of the ordinance is without merit. It is general in character, and it reasonably covers a definite class. In *Wagman* v. *Trenton,* 102 *N. J. L.* 492, 495, this court quoted with approval the following statement of the rule in the opinion in *Roanoke* v. *Fisher* (*Va.*), 119 *S. E. Rep.* 259: "A reasonable classification is permitted by which a particular business may be singled out and regulated by the ordinance from a general class of businesses, which may be alike in general, the remainder of which being left unregulated, *provided the discrimination is made upon some reasonable basis,* and the attitude allowed in the exercise of such discriminatory power of classification is very great." In *Kolb* v. *Boonton,* 64 *N. J. L.* 163, where an ordinance to license hawkers, peddlers, canvassers and auctioneers was made the subject of a similar attack, on the ground that it exempted from its provisions farmers who sell the products of their farms in the municipality, and persons selling wood or charcoal, and those having stores or other places of busi-

ness therein, Chief Justice Gummere, in upholding the ordinance said: "A municipality which seeks to exercise the powers conferred by the act of 1890, respecting licenses, is not bound to impose a license fee upon every business mentioned in the statute. It may select such of them as it deems proper subjects for license, and, so long as there is no discrimination in the imposition of the license fee, its action cannot be successfully challenged." The ordinance in question meets the standard thus prescribed, and is, therefore, not open to the attack made.

Application denied, with costs.