SELIG HOFFMAN, PROSECUTOR, v. THE MAYOR AND BOR-
OUGH COUNCIL OF THE BOROUGH OF SOUTH RIVER,
RESPONDENTS.

Submitted August 7th, 1935—Decided August 14th, 1935.

Heard by Justice CASE, sitting alone, pursuant to the
statute.

For the prosecutor, *David T. Wilentz.*

For the respondents, *George L. Burton.*

CASE, J. The matter comes before me on petition for a
writ of *certiorari* to review an ordinance of the borough of
South River. There are no proofs but there is a stipulation
that the disposition of the application shall be a final disposi-
tion as though a writ had issued and that the "matter be
disposed of upon the basis of the ordinance." By this, I
understand, the alleged invalidity of the ordinance is made
to depend solely upon such matters as appear within the
enactment itself.

The ordinance applies to any market with four or more
leased concessions. It imposes an annual license fee of $200
for each concession except as otherwise provided. With
respect to markets conducted solely for the sale of food prod-
ucts, cut flowers, potted plants, plants, shrubs, trees and
seeds the annual license fee is fixed at $150 except that where
the market is conducted solely for the sale of such articles
when raised, grown or produced by the persons operating the

concession, the annual license fee is set at $1; and the attack is upon this distinction in favor of the seller who is also the producer.

The ordinance is, by its terms, a revenue producing measure.

Prosecutor contends that the factor which determines what the amount of the fee shall be is the individuality of the seller and that this method of determination is capricious and unreasonable, and, therefore, unlawful. There is nothing before me to show that the fee of $150 considered absolutely and not by way of comparison, is either unreasonable or prohibitive. In *Levin* v. *Asbury Park,* 9 *N. J. Mis. R.* 515; 154 *Atl. Rep.* 742, a very much larger fee was sustained, with the remark that a license fee up to the point of being prohibitive may reasonably be regarded as a revenue producer. The instant case is made to hinge upon a distinction between those who sell only that which they produce and those who sell without that limitation. In the light of our decisions I cannot say that that distinction is unlawful. Let us assume that seller-grown produce had been made fully exempt. The case would then, as it seems to me, come within the purview of *Kolb* v. *Boonton,* 64 *N. J. L.* 163; 44 *Atl. Rep.* 873, wherein it was held that an ordinance which imposed a license fee upon hawkers and peddlers was not invalid because it exempted from its provisions farmers who brought the produce of their farms into town and disposed of it there. In *Van Der Vliet* v. *Newark,* 112 *N. J. L.* 39; 169 *Atl. Rep.* 668, the Supreme Court held that an ordinance directed towards "a farmer's market" was not, because it singled out that particular line from the general class of business, discriminatory. A municipality may, in the imposition of license fees, make reasonable distinctions. *Giant Tiger Corp.* v. *Board of Commissioners of Trenton,* 11 *N. J. Mis. R.* 797; 168 *Atl. Rep.* 309; *affirmed,* 113 *N. J. L.* 34; 172 *Atl. Rep.* 565. There is a presumption that a duly adopted ordinance is reasonable. The burden is upon him who attacks the ordinance to prove otherwise. *Wagman* v. *Trenton,* 102 *N. J. L.* 492; 134 *Atl. Rep.* 115.

The writ will be denied, with costs.