[Montgomery County v. Pruett.]


# Montgomery County *v.* Pruett.

### *Assumpsit.*

(Decided November 21, 1911.  Rehearing denied February 15, 1912.
57 South. 823.)

1. *Counties; Implied Contracts.*—If the contract is within the range of a county's contractual powers, general assumpsit on an implied contract will lie against it.

2. *Work and Labor; General Issue; Plea.*—Where the common count for work and labor done is brought, a plea setting up a breach of a provision of the contract was no answer thereto, and was subject to demurrer, as under such count, and the general issue plaintiff is required to prove either an express contract which he has fully performed or the furnishing of labor and material which were of benefit to the defendant and were voluntarily accepted.

3. *Appeal and Error; Harmless Error; Pleading.*—Where the plea could not have been amended without introducing matter wholly foreign to it as framed, so as to meet the counts to which it was filed, any error in sustaining a demurrer which did not specify the inaptness of the plea as an answer to the complaint was harmless.

4. *Same.*—A plea setting up non-performance as an answer to counts to which the general denial was also filed, was unnecessary as the general denial placed on the plaintiff the burden of proving performance of all obligation resting on him under the agreement and also permitted defendant to show non-performance, and hence, it was not error to sustain demurrer to such plea.

5. *Same.*—Where a defendant appeals and assigns as error, the sustaining of a demurrer to a special plea, the burden is on him to show that he was denied the benefit of the matters set up in such plea in order to work a reversal, and hence the record need not affirmatively show that defendant actually received the benefit under the general denial of the matters specially pleaded.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Action by O. J. Pruett against the County of Montgomery.  Judgment for plaintiff and defendant appeals.  Affirmed.

E. S. WATTS, and J. M. CHILTON, for appellant.  The demurrer was general, and hence, was improperly sustained.—*Cowan v. Motley,* 125 Ala. 371; *Sledge v.*

*Swift,* 53 Ala. 110. The plea was good and the demurrer improperly sustained.—*K. C. M. & B. v. Burton,* 37 South. 240; *Snell v. Derricot,* 49 South. 895; *Milligan v. Pollard,* 112 Ala. 465; *Prior v. Beck,* 21 Ala. 393. The agreement to furnish evidence that there was nothing owing to materialmen, contractors or other employees was a condition precedent to recovery.—9 Pet. 319; 25 L. Ed. 255; 27 Id.; 1053; 24 Ib. 1106; 34 Id. 917; *Pappott v. Barbour,* 51 South. 725. Counties are civil or political subdivisions created to aid in the administration of government, and are included in the term "State" which is a concrete whole.—124 Ala. 491; 80 Ala. 287; 79 Ala. 419; 54 Ala. 639. Therefore, it cannot be sued upon the common counts.—*Montgomery County v. Naftel,* 127 Ala. 563; 118 S. W. 309.

HILL, HILL & WHITING, for appellee. The sustaining of the demurrers to the pleas was harmless as the defendant had the benefit of the matters therein sought to be set up under its general denial. The plaintiff had the burden of showing complete compliance and the general denial authorized the defendant to show non-performance. Hence, if the demurrers were general there was no harm in sustaining them.—*Ryal v. Allen,* 143 Ala. 227; *Barker v. Allen,* 161 Ala. 288; *DeLeon v. Walters,* 163 Ala. 502. In any event the pleas were bad.—119 Ala. 588; 164 Ala. 508; 154 Ala. 301, and cases there cited. The matter was in the contractual power of the county and plaintiff was entitled to recover on showing full compliance with the terms of the contract.—*Martin v. Massey,* 127 Ala. 508.

SOMERVILLE, J.—O. J. Pruett sued the county of Montgomery in the city court; the original complaint

[Montgomery County v. Pruett.]

containing seven counts. Count 1 is on account stated; counts 2 and 6 for work and labor done, and materials furnished; counts 3 and 5 and 7 on accounts due December 1, 1908; and count 4 claims damages for breach of a contract by which plaintiff was to do certain work and furnish certain materials in the construction of three public county roads. It sets forth the specifications, avers full performance by plaintiff, and alleges defendant's failure to pay plaintiff therefor.

To the entire complaint defendant filed three special pleas. Plea 1 sets up an alleged provision in the contract upon which plaintiff's claims are founded, to the effect that the contractor was specifically bound to furnish the engineer with satisfactory evidence that all persons who did work or furnished material for said road construction, or who sustained damage or injury therein, or from, had been duly paid or secured, and that within 10 days after completion of the work, and before a final estimate was made, notice should be given the engineer that any balance due for said causes had been paid or released, and avers that said provisions are conditions precedent to the defendant's liability, and plaintiff has failed to comply therewith.

Pleas 2 and 3 are in set-off.

Plea 4, filed to count 4 only, denies that defendant ever entered into any such contract as set out therein; but avers that there was a separate and independent contract for each of the three roads specified.

Plea 5 is the general issue to the entire complaint.

Plaintiff demurred on variously assigned grounds to pleas 1, 2, 3, and 4. The demurrer to plea 1 was sustained, and the demurrers to pleas 2, 3, and 4 were overruled.

Plaintiff then amended his complaint by adding counts 8, 9, and 10, which do not differ from count 4,

except that each count is confined to a single one of the three roads set out inclusively in count 4.

The defendant then refiled its pleas 1, 2, 3, 4, and 5 to the complaint as amended; and plaintiff refiled his demurrers to pleas 1, 2, 3, and 4. The court sustained the demurrers to pleas 1 and 4; and overruled the demurrers to pleas 2 and 3. Thus to the 10 counts of the complaint there remained the two pleas of set-off and the general issue, and upon these there was trial and verdict for the plaintiff.

Plea 4 was clearly but an amplified form of the general issue; or, if its special averments are considered, as an attempted answer to counts 8, 9, and 10, it may well be denominated frivolous, as charged in the demurrer. And, as the general issue was otherwise pleaded, the elimination of this plea could not in any case have prejudiced the defendant, although erroneously effected by general demurrer.

With respect to plea 1 and the defense it presents it is insisted for the appellee that even if the demurrer was erroneously sustained, there was no injury to appellant, because the facts pleaded therein were just as available and would have been equally advantageous, under the plea of the general issue.

It is a mistake to suppose, as argued for the appellant, that a county may not be liable on an implied contract, although it is true that no contract can be implied against a county unless it is one which the county is by law empowered to make. And so, ratification of an unauthorized—if legally permissible—contract may be implied.—11 Cyc. 478, D. There are no decisions in this state holding a contrary view. *Naftel v. County of Montgomery*, 127 Ala. 563, 567, 29 South. 29, simply declares that a county is only liable for a debt which it has actually contracted, but not necessarily by ex-

press contract. On the other hand, *Scarbrough v. Watson,* 140 Ala. 351, 37 South. 281, by implication concedes the propriety of the common counts in an action against a county. And it is well settled that general assumpsit lies against municipal corporations.—*Allen v. Lafayette,* 89 Ala. 649, 8 South. 30, 9 L. R. A. 497; *B. E. L. & P. Co. v. Montgomery,* 114 Ala. 445, 21 South. 960.

We conclude, therefore, that general assumpsit lies against a county within the range of its contractual powers, just as it does against an individual.

Under the common counts (1, 2, 3, 5, 6, and 7), the plaintiff was required by the plea of the general issue either to prove an express contract with all the terms of which he had fully complied (*Stafford v. Sibley,* 106 Ala. 189, 17 South. 324; *Abercrombie v. Vandiver,* 126 Ala. 513, 532, 28 South. 491); or else that he had furnished labor or materials which were of benefit to the defendant, and which were voluntarily accepted by it (*Davis v. Badders,* 95 Ala. 348, 10 South. 422; *Florence Co. v. Hanby,* 101 Ala. 15, 13 South. 343; *Bell v. Teague,* 85 Ala. 211, 3 South. 861; *Andrews v. Tucker,* 127 Ala. 602, 29 South. 34; *Martin v. Massie,* 127 Ala. 504, 29 South. 31; *Aarnes v. Windham,* 137 Ala. 513, 34 South. 816; *Henderson-Boyd Lumber Co. v. Cook,* 149 Ala. 227, 42 South. 836; 6 Cyc. 111). In either case, defendant's special plea 1, if true, would be wholly irrelevant and inappropriate as an answer to these counts; and hence the rule that a plea setting up plaintiff's breach of a special provision of a contract is not a sufficient answer to the common counts, though it may be to a count on the contract.—*Everrood v. Schwartzkopf,* 123 Ind. 35, 23 N. E. 969. Nor could the plea have been amended so as to make it pertinent to these counts

without introducing matter wholly foreign to the plea as framed.

Hence, so far as these common counts are concerned, although the demurrer did not specify the inaptness of the plea as an answer to them, the sustaining of the demurrer was error without injury, and cannot be complained of by appellant.—*Ryall v. Allen,* 143 Ala. 222, 227, 38 South. 851; *DeLeon v. Walters,* 163 Ala. 502; 50 South. 934; 19 Ann. Cas. 914; *S. L. & S. F. R. R. Co. v. Phillips,* 165 Ala. 504, 51 South. 638; *Schuler v. Fisher,* 67 Ala. 184, 52 South. 390; *McGehee v. W. U. T. Co.,* 169 Ala. 109, 53 South. 211.

If, however, the elimination of the plea be considered with respect to counts 4, 8, 9, and 10, which declare specially on the contract, and it be conceded that the plea was not subject to any ground of demurrer specified, we must still conclude that the error in sustaining the demurrer was not injurious to appellant.

Each one of these counts contains the averment that plaintiff had complied with all the provisions of the contract sued on. Defendant's plea 5 denied "each and every averment thereof." Under the issue thus framed, the plaintiff was bound to prove his performance of every obligation devolved on him by the terms of the contract, especially one which was a condition precedent to his right to demand payment for work and materials furnished, and equally it was open to the defendant to show plaintiff's non-performance of any condition or stipulation essential to his right of action therefor.—*Abercrombie v. Vandiver,* 126 Ala. 513, 531, 28 South. 491; *Aarnes v. Windham,* 137 Ala. 513, 518, 34 South. 816. Such being the scope of the issue actually submitted to the jury, the erroneous elimination of the special plea 1 cannot, under the decisions of this court, be regarded as prejudicial.—*L. & N. R. R. Co. v.*

*Hall,* 131 Ala. 161, 32 South. 603; *N. C. & St. L. Ry. v. Bates,* 133 Ala. 447, 32 South. 589; *U. S. F. & G. Co. v. Damskib, Habil,* 138 Ala. 348, 35 South. 344; *Western Ry. v. Russell,* 144 Ala. 142, 39 South. 311, 113 Am. St. Rep. 24; *Metcalf v. St. L., etc., R. R. Co.,* 156 Ala. 240, 47 South. 158. These cases, whether wisely or not, have changed the rule announced in some of the older cases (e. g., *Rice v. Drennen,* 75 Ala. 335; *Graham v. Woodall,* 86 Ala. 313, 5 South. 687) that the record must affirmatively show that the defendant actually received the benefit under the general issue of the matter specially pleaded. As the rule now stands, he must show that such benefit was denied him.

We are not unmindful of the rule of pleading in actions on special contracts which was announced in *American Oak Extract Co. v. Ryan,* 112 Ala. 337, 20 South. 644, to the effect that, in an action for breach of contract, the defendant cannot, under the general issue, defeat the plaintiff's cause of action by proving other stipulations relied on to excuse performance, which were not set out in the complaint. In that case, however, there was no allusion in the complaint to any other stipulations, and no averment that plaintiff had complied with all the provisions of the contract; and hence his non-compliance was not within the issue made by the pleadings. Perhaps, also, *American O. E. Co. v. Ryan* should be distinguished from *Abercrombie v. Vandiver,* 126 Ala. 513, 531, 28 South. 491, where, under the general issue to counts in special and general assumpsit, proof of non-compliance with a condition precedent was held to defeat plaintiff's recovery for certain extra work.

This view of the case renders it unnecessary to consider whether the plea was obnoxious to any of the spe-

[Bluthenthal & Bickart v. City of Columbia.]

cial grounds of demurrer assigned thereto. Let the judgment be affirmed.

Affirmed. All the Justices concur. ANDERSON, J., without dissenting from the opinion, prefers to place his concurrence on the ground that the demurrers to defendant's pleas were properly sustained.