(108 So. 231)

## WALDEN v. CITY OF MONTGOMERY.
### (3 Div. 749.)

(Supreme Court of Alabama. April 15, 1926.)

1. **Statutes ⚖➝93(4).**

Difference in population *held* proper basis for classification of municipalities.

2. **Statutes ⚖➝93(4)—Population classification of municipalities, not showing substantial difference, nor reasonably related to purpose to be effected, is invalid (Const. 1901, § 106).**

Where population classification of municipalities does not show substantial difference in population, and is not reasonably related to purpose to be effected, but is arbitrarily fixed, statute is invalid as local law under Const. 1901, § 106.

3. **Constitutional law ⚖➝48.**

Court will sustain statute, unless it is violative of fundamental laws beyond reasonable doubt.

4. **Statutes ⚖➝93(4).**

Reasonable relation of classification of municipalities according to population to purpose to be effected is largely within discretion of Legislature.

5. **Statutes ⚖➝61.**

Good faith of Legislature is presumed in statutory classification of municipalities according to population.

6. **Statutes ⚖➝77(1).**

In determining whether statute is local within Const. 1901, § 106, court will not look beyond act itself, and mere suspicion that it rests on consideration of local needs is not sufficient.

7. **Statutes ⚖➝93(4)—Statute based on population classification of municipalities between 30,000 and 50,000, held not local law (Const. 1901, § 106; Code 1923, § 2173; Gen. Acts 1923, p. 580).**

Gen. Acts 1923, p. 580, prescribing territorial limit as to police jurisdiction outside corporate limits of cities with population between 30,000 and 50,000 inhabitants, allowing requirement of licenses for business not otherwise permitted under Code 1923, § 2173, *held* not local law within Const. 1901, § 106.

8. **Municipal corporations ⚖➝122(2).**

Ordinance appearing to have been enacted in exercise of police power is presumed reasonable, in absence of contrary showing.

---

⚖➝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**9. Licenses** ☞7(1)—Ordinance of Montgomery, imposing license for conducting business outside of city, but within police jurisdiction, held valid exercise of police power (Gen. Acts 1923, p. 580).

Ordinance of Montgomery, requiring license for conducting business within police jurisdiction, but outside of city limits, under Gen. Acts 1923, p. 580, *held* valid exercise of police power.

**10. Licenses** ☞7(1).

Ordinance, imposing license for conducting business for purpose of police and fire protection, and not revenue, cannot be attacked because of inadequacy of protection.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Prosecution by the City of Montgomery against J. B. Walden for violation of a city ordinance. From a judgment of conviction, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Ball & Ball, of Montgomery, for appellant.

Acts 1923, p. 580, is a local act, since there is only one city to which it is applicable, and is void for failure of compliance with sections 106 and 110 of the Constitution. Woco Pep Co. v. City of Montgomery, 105 So. 221, 213 Ala. 452; Griffin v. Fowler, 81 So. 426, 17 Ala. App. 44; State v. Joseph, 57 So. 942, 175 Ala. 579, Ann. Cas. 1914D, 248; Mills v. Court of Commissioners, 85 So. 564, 204 Ala. 40; State v. Weakley, 45 So. 175, 153 Ala. 648. The city has no right to exact a license of one within its police jurisdiction, but without its corporate limits, where no fire protection is afforded. Woco Pep Co. v. Montgomery, supra; Standard Co. v. Troy, 77 So. 383, 201 Ala. 89, L. R. A. 1918C, 522; State v. Goldstein, 93 So. 308, 207 Ala. 569; Boyd v. Ala., 94 U. S. 645, 24 L. Ed. 302. The act of 1923 being void, the ordinance is void. Van Hook v. Selma, 70 Ala. 363, 45 Am. Rep. 85.

Ludlow Elmore, of Montgomery, for appellee.

Acts 1923, p. 580, is a general law, and is not unconstitutional, or a violation of sections 89 and 110 of the Constitution. State v. Thompson, 38 So. 679, 142 Ala. 98; Cobbs v. Home Ins. Co., 91 So. 627, 18 Ala. App. 206; Reynolds v. Collier, 85 So. 465, 204 Ala. 39; State v. Weakley, 45 So. 175, 153 Ala. 648. The ordinance is a proper exercise of police power. 2 Dillon, Mun. Corp. (4th Ed.) 768; 2 Dillon (5th Ed.) 665; 3 McQuillin, Mun. Corp. 2200; 28 Cyc. 744.

GARDNER, J. Appellant operates a lumber yard within the police jurisdiction, but outside the corporate limits of the city of Montgomery, and prosecutes this appeal from a judgment of conviction for the violation of an ordinance of said city requiring a license for the transaction of such business. That portion of the ordinance here pertinent reads as follows:

"Section 15. Any person, firm or corporation engaged in any business outside of the city of Montgomery, but within the police jurisdiction thereof, shall pay one-half of the amount of license imposed for like business within the city of Montgomery. It is the purpose of this section to license for police and fire protection only, and not for revenue."

The territorial limit as to the police jurisdiction outside the corporate limits of cities is prescribed by section 1954, Code of 1923, being based upon a population classification. Under the provisions of the General Acts of 1919, p. 1030 (section 2173, Code of 1923), appellant would not have been subject to such license here imposed. But the Legislature in 1923 (Gen. Acts 1923, p. 580) passed an act providing that any city which now or may hereafter have a population of not less than 30,000, and not more than 50,000, inhabitants may fix and collect licenses for any business done within the police jurisdiction of such city and without the limits thereof, with a proviso that the amount shall not be in excess of one-half the license charged for like business done within the city limits.

[1] The constitutional validity of this latter act is the major question here presented; it being insisted that it is not a general, but a local, law, applicable under present conditions to Montgomery alone, and as such violative of section 106 of the Constitution, requiring publication of local enactments. This court has by repeated rulings recognized differences in population as a proper basis for the classification of municipalities (State ex rel. Gunter v. Thompson, 69 So. 461, 193 Ala. 561; State ex rel. Crenshaw v. Joseph, 57 So. 942, 175 Ala. 579, Ann. Cas. 1914D, 248; Board of Revenue v. Huey, 70 So. 744, 195 Ala. 83), and is committed to the soundness of that doctrine.

[2] This doctrine was pressed too far by the lawmaking body, and the population classification, made the basis of enactments where the classification did not show a substantial difference in population, was not reasonably related to the purpose to be effected and to such difference in population, and was but arbitrarily fixed. Such laws were declared invalid as being local laws, guised as general laws, and violative of section 106 of the Constitution. Illustrations are found in Reynolds v. Collier, 85 So. 465, 204 Ala. 38, and the more recent case of Vaughan v. Dawson, 102 So. 222, 212 Ala. 258.

[3-5] We recognize it as our duty to sustain the act, unless it is clear beyond a reasonable doubt that it is violative of the fundamental laws. There is here a substantial

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

difference in population, and, upon the matter of a reasonable relation of the classification to the purpose to be effected and such difference in population, much must be left to legislative discretion. Reynolds v. Collier, supra. Good faith is to be presumed. We have referred to the fact that the statute (section 1954, Code of 1923) as to territorial extent of the police jurisdiction of cities outside of the corporate limits is rested upon a population classification. While not amendatory, but original in form, the act here in question in practical effect forms a proviso to section 2173, Code of 1923, thus permitting a license to be charged in an amount equal to one-half the regular city license for business conducted within the police jurisdiction, but outside the corporate limits in cities having the population therein prescribed—from 30,000 to 50,000 inhabitants.

[6] The question of difference as to facilities for and expense of furnishing fire and police protection may have entered into consideration of the legislative mind in fixing the classification here involved. It is not sufficient that a suspicion arise that the act rests alone upon consideration of local needs, and we are not to "look beyond the act itself for motives." Crenshaw v. Joseph, supra.

[7] Upon due consideration we are unable to say with perfect assurance that the Legislature may not have found differences between cities of this class and others having populations of less or more, which justified differences as to such license charges. Crenshaw v. Joseph, supra.

The case of State ex rel. v. Weakley, 45 So. 175, 153 Ala. 648, relied upon by counsel for appellant, contained a double classification, "unrelated and unassociated," and which case was differentiated in Board of Revenue v. Huey, supra.

Indulging all presumptions and intendments favorably thereto, we are not persuaded the act should be declared a local law, and thus violative of section 106 of the Constitution.

[8, 9] The ordinance appears upon its face to have been enacted in the exercise of the police power, and is presumed to be reasonable. Van Hook v. City of Selma, 70 Ala. 361, 45 Am. Rep. 85; Standard Oil Co. v. City of Troy, 77 So. 383, 201 Ala. 89, L. R. A. 1918C, 522. Nothing to the contrary is made to appear and we therefore hold the ordinance a valid exercise of the police power.

[10] Appellant sought to show that at the point where his lumber yard is located the service both as to fire and police protection was inadequate, but the trial court held such evidence immaterial to the issue presented. We think the ruling correct. These were executive or administrative matters, not involved in the question of the validity of the ordinance. We are cited to no authority holding that such an ordinance is subject to attack upon the ground that, in the opinion of the taxpayer, the police or fire protection was inadequate. Such questions are not to be presented in such form.

We are of the opinion the ordinance is valid, and the judgment of conviction should accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.