186 So. 499

**CITY OF PRICHARD v. HAROLD.**

1 Div. 282.

Court of Appeals of Alabama.

May 10, 1938.

Rehearing Denied June 7, 1938.

George Sossaman, of Mobile, for appellant.

236

Harry T. Smith & Caffey, of Mobile, for appellee.

RICE, Judge.

On January 16, 1934, the city of Prichard adopted an ordinance containing, pertinently here, the following, to wit:

"Section 2. A monthly license tax is hereby imposed, levied, and assessed upon every person who shall engage within the corporate limits of Prichard, Alabama in the business of selling gasoline to consumers or users thereof, and said license tax is hereby fixed in a sum equal to one (1¢) cent per gallon for each and every gallon of gasoline sold in the city of Prichard during the preceding month by such person to a consumer or consumers of gasoline."

On the same day it adopted another ordinance parts of which we quote, to wit:

"Ordinance Number 327.

"To impose a license tax on the business of engaging outside of the corporate limits of the city of Prichard, but within the police jurisdiction thereof, in the sale of gasoline to consumers, and to impose a license tax on the business of operating in said area curb or drive-in filling stations where gasoline is sold at retail.

"Be it ordained by the Council of the City of Prichard, Alabama, as follows, to-wit:

"Section 1. As used in this ordinance, the term 'gasoline' shall include gasoline or any substitute therefor, and naptha and other motor fuels commonly used in internal combustion engines, but it shall exclude kerosene. The word 'Person' shall include every person, individual, partnership, company, agency, firm, association, or corporation. The purpose of this ordinance is to license for police and fire protection only and not for revenue.

"Section 2. A monthly license is hereby imposed, levied and assessed upon every person who shall engage outside of the corporate limits of the City of Prichard, but within the police jurisdiction of said City, in the business of selling gasoline to consumers or users thereof, and said license tax is hereby fixed in a sum equal to one half of one cent per gallon for each and every gallon of gasoline sold in said area during the preceding month by such person to a consumer or consumers of gasoline.

"Section 3. On or before the 10th day of January 1934, and on or before the 10th day of each and every month thereafter, every person who may be engaged outside of the corporate limits of the City of Prichard, but within the police jurisdiction thereof, in the business of selling gasoline to consumers, shall be and they are hereby required to file in the office of the License Officer, or City Clerk, of the City of Prichard a sworn statement showing the number of gallons of gasoline sold within said area by such person to consumers or users of gasoline during the preceding calendar month, and every such person shall, on or before the 10th day of each month, pay to the City of Prichard the monthly license hereby imposed, levied and assessed. The said license shall be and become delinquent if not paid on or before the 10th day of the month.

\* \* \* \* \* \*

"Section 5. In addition to the license hereinabove fixed, each person desiring to operate, outside of the corporate limits of the City of Prichard, but within the police jurisdiction thereof, a curb or drive-in filling station where gasoline is sold at retail through pumps, shall take out and pay for said privilege and annual license equivalent to $3.75 for one pump used at such a filling station, and $2.50 for each additional pump used thereat, and the annual license fixed and prescribed by this section shall become due on the fifth day of January of each year, and delin-

quent on and after the 10th day of January. The purpose of this section and ordinance is to license for police and fire protection only and not for revenue.

\* \* \* \* \* \*

"Section 8. If any person pays the license prescribed by Section 2 of the ordinance this day adopted, entitled, 'An ordinance to impose a license tax on the business of selling gasoline to consumers, and to impose a license tax on the business of operating curb or drive-in filling stations where gasoline is sold at Retail,' for engaging within the corporate limits of the City of Prichard in the business of selling gasoline to consumers or users thereof, no additional license shall be imposed by Section 2 of this present ordinance upon such person for transacting the same business outside the corporate limits and within the police jurisdiction of the City.

"Section 9. Where the place of business of a person against whom a license tax is imposed by Section 2 and/or Section 5 hereof is or shall be within the police jurisdiction of City of Mobile or any other city, then no license tax so imposed by said sections shall be charged or collected by the City of Prichard unless such place is closer or closest to the nearest point on the boundary line of City of Prichard than it is to the nearest point on the boundary line of City of Mobile or other city.

"Section 10. Any person liable therefor, who shall after the 10th day of any calendar month, engage during that month, outside the corporate limits of the City of Prichard but within the police jurisdiction thereof, in the business of selling gasoline to consumers or users thereof, without having paid the monthly license fixed and prescribed by this ordinance, shall be guilty of an offense against the City of Prichard, and shall upon conviction be fined not less than $1.00 nor more than $100.00 and may also be sentenced to imprisonment for not exceeding six months, and each day shall constitute a separate offense.

"Section 11. Any person who shall fail or refuse to furnish the sworn statement required hereby, or who shall give any false statement in relation to the amount of gasoline sold within the police jurisdiction of the City of Prichard, outside the corporate limits thereof, by such person to consumers or users of gasoline during the preceding month, shall be guilty of an of-

238

fense against the City of Prichard, and shall upon conviction be fined not less than $1.00 nor more than $100.00 and may also be sentenced to imprisonment for not exceeding six months.

\* \* \* \* \* \*

"Section 15. None of the provisions of this ordinance shall apply to any sales which constitute interstate commerce, and no person shall be required to pay any license based upon any sales which constitute or constituted interstate commerce.

\* \* \* \* \* \*

"Section 17. This ordinance shall be and become effective on and after its adoption, and publication as required by law."

Appellee sued appellant for a refund of moneys paid by him to it under the provisions of the ordinance last quoted from —he operating a filling station, dispensing, among other things, gasoline, outside the corporate limits but within the police jurisdiction of said city.

The sole material question involved is the constitutional validity of the ordinance under which he made the payments.

It is conceded that the ordinance is "externally valid"—meaning by that that there is no question raised as to its proper adoption, promulgation, etc.

The attack on the ordinance is on the ground that it is one for the purpose of raising revenue (not permissible, as will appear) rather than one for police regulation etc.

As has been succinctly said for our Supreme Court by Mr. Justice Brown:

"It is well settled that the power of the Legislature, except as restrained by the Constitution, is supreme in the enactment of statutory law and in the creation of subordinate governmental agencies, and in prescribing their powers and duties (State ex rel. Brooks v. Gullatt et al., 210 Ala. 452, 98 So. 373); that the Legislature may authorize a municipal corporation, under the police power, to regulate and license businesses carried on within a prescribed, reasonable limit outside of its corporate limits, and require the payment of such sum for such license as is reasonably necessary for the protection of the lives, health, and property of the citizens, the maintenance of good order and quiet of the community, and the preservation of public morals (Van Hook v. City of Selma, 70 Ala. 361, 45 Am.Rep. 85; Standard Chemical & Oil Co. v. City of Troy, 201 Ala. 89, 77 So. 383, L.R.A.1918C, 522; 37 C.J. 181, § 23).

"But the Legislature is without authority to authorize the levy of a tax for revenue on businesses or occupations not carried on within the corporate limits, as this would amount to taxation without representation and the taking of private property without due process of law, and' for uses not authorized by the Constitution. 37 C.J. 181, § 23; Robinson v. City of Norfolk, 108 Va. 14, 60 S.E. 762, 15 L.R.A.(N.S.) 294, 128 Am.St.Rep. 934.

"The constitutional integrity of the act of September 6, 1927, is not brought in question by this proceeding; nor is the reasonableness of the sum exacted by the several ordinances in question." White v. City of Decatur, 225 Ala. 646, 144 So. 873, 874, 86 A.L.R. 914.

Here, by reason of the fact that appellee recovered a judgment in the court below, "the constitutional integrity of the act of September 6, 1927" is "brought in question"; as is also the "reasonableness of the sum exacted" by the last hereinabove mentioned ordinance.

As for the "Act of September 6, 1927," providing, "That any city or town within the state of Alabama may fix and collect licenses for any business, trade or profession done within the police jurisdiction of such city or town and without the corporate limits thereof; provided, however, that the amount of such licenses shall not be more than one-half the amount charged and collected as a license for like businesses, trade or profession done within the corporate limits of such city, fees and penalties excluded" (General Acts 1927, No. 580, page 674), we have only to say that it has now definitely been held to be constitutional and valid. City of Birmingham v. Wilson, 27 Ala.App. 288, 172 So. 292, certiorari denied Id., 233 Ala. 410, 172 So. 295. It had, prior to the decision in this Birmingham v. Wilson Case, been tacitly held by our Supreme Court to be without constitutional or other defect. See Dothan v. Alabama Power Co., 229 Ala. 146, 155 So. 697.

The ordinance here under attack "appears upon its face to have been enacted in the exercise of the police power," and to conform in all respects to the provisions of the "Act of September 6, 1927," cited above. If it is invalid, therefore, it must be only because its exactions by way of license are more than is "reasonably nec-

essary for the protection of the lives, health, and property of the citizens, the maintenance of good order and quiet of the community, and the preservation of public morals."

And, as said years ago, by our Supreme Court, in a case involving the same principle of law controlling here, "Very certain it is, that the courts ought not to scrutinize the amount of the license too narrowly, with the view of adjudging it a tax, where it does not appear to be unreasonable in amount as a mere regulation." Van Hook v. City of Selma, 70 Ala. 361, 45 Am.Rep. 85.

We find in the bill of exceptions before us an entire absence of evidence tending to show that the amount of license exacted by the ordinance here assailed is any other than what is "reasonably necessary for the protection of the lives, health, and property of the citizens, the maintenance of good order and quiet of the community, and the preservation of public morals."

Or, if the statement in the last next preceding paragraph is for any reason inaccurate in any degree, we are quite sure that, as against the "presumption of validity" which the ordinance enjoys (City of Birmingham v. Wilson, supra; Walden v. City of Montgomery, 214 Ala. 409, 108 So. 231), there was no sufficient evidence before the court upon which to base a finding to the contrary.

Considerable evidence was admitted, over appellant's objection, to the effect that appellee, and those whom he called, did not receive any "police or fire protection."

In the same way testimony was permitted as to what the City did with the money it collected from appellee.

But all these matters, as we see it, were entirely immaterial. The sole question, as we have pointed out above, was whether or not the amount exacted by the ordinance was more than was "reasonably necessary for the protection of the lives, health, and property of the citizens, the maintenance of good order and quiet of the community, and the preservation of public morals."

We cannot subscribe to the sentiments urged here that it is *obvious* that businesses such as that operated by appellee *require* no oversight or regulation. Appellee, himself, we believe, testifies that there are some dozen or more filling stations such as his within the affected territory. In addition, there are numerous grocery stores, shops, and other business establishments; all, as we read the testimony, covering a large area lying immediately between the appellant city (of some five thousand inhabitants) and the great city of Mobile. And lying, perhaps we should add, along a much-traveled public highway. To us it seems obvious that regulation *is* necessary.

But be that as it may; the ordinance "appears upon its face to have been enacted in the exercise of the police power, and is presumed to be reasonable." Walden v. City of Montgomery, supra (page 233).

And it in no sort of way proves the "unreasonableness of the ordinance" to bring forward testimony tending to show no more than that those in charge of appellant city's affairs furnished no "fire or police protection" to appellee, or those similarly situated. Maybe they did not furnish such protection. Or maybe they used the moneys collected from appellee for this or for that.

But none, nor all, of these things had any bearing upon the question of whether or not the exactions of the ordinance were "reasonable," according to the rule we have a time or two already hereinabove quoted.

As was so well said by Mr. Justice Gardner, for our Supreme Court, in the opinion in the case of Walden v. City of Montgomery, supra: "These were executive or administrative matters, not involved in the question of the validity of the ordinance."

It results that we have arrived at the conclusion that, for aught appearing in the testimony, or otherwise, the ordinance here involved is a valid enactment.

It is our opinion that the question before us is ruled by our holding (based on that of Walden v. City of Montgomery, supra) in the case of City of Birmingham v. Wilson, supra, which holding was approved by our Supreme Court. Id., 233 Ala. 410, 172 So. 295.

We do not regard the decision by our Supreme Court in the case of Alabama Power Company v. City of Carbon Hill, 234 Ala. 489, 175 So. 289, as being opposed to our conclusion.

There, i. e. in this Alabama Power Company v. City of Carbon Hill Case, the

Supreme Court was able to discern from the facts admitted that the ordinance of which the Power Company was complaining exacted an amount as license for carrying on its business outside the corporate limits of the city but within its police jurisdiction "so much out of proportion to what is [was] reasonable in relation to *appellant's business,* as to show that it is [was] a subterfuge to raise revenue." (page 293)

We are unable, from the evidence—competent evidence, Walden v. City of Montgomery, supra—before us in this case to find a basis for such a holding as to the ordinance here involved. And we do not read the opinion in this Alabama Power Company v. City of Carbon Hill Case as changing in any way the rules of law we have followed in our case of City of Birmingham v. Wilson, supra; or that we have tried to follow, here.

The judgment below—rendered by the court, sitting without a jury—in appellee's favor, was laid in error; it is reversed.

And a judgment is here rendered in favor of appellant on its plea of set-off.

Since the amount due from appellee to appellant may be more conveniently calculated there, the cause is remanded to the lower court for its proper ascertainment and declaration—when execution may issue.

Reversed, rendered, and remanded.