198 So. 64

## CITY OF ANDALUSIA v. FLETCHER.

### 4 Div. 155.

Supreme Court of Alabama.

June 27, 1940.

Rehearing Denied Oct. 10, 1940.

Powell & Fuller and Whaley & Whaley, all of Andalusia, for appellee.

Robert B. Albritton, of Andalusia, for appellant.

B. W. Simmons, of Opp, amicus curiæ.

GARDNER, Chief Justice.

Plaintiff, during the year 1937, operated a gasoline filling station in connection with his grocery store without the corporate limits of the City of Andalusia but within its police jurisdiction, and paid under protest to the City a tax of three-fourths of 1 cent on each gallon sold. The suit is to recover this tax so paid under protest, based upon the theory that this ordinance of the City imposing the same is an unreasonable exercise of power, and is the equivalent of taxation without representation.

The Court submitted to the jury the question of reasonableness of the ordinance. The verdict was for the plaintiff and from the judgment following the verdict the City prosecutes this appeal.

The ordinance here assailed was passed by the City pursuant to the provisions of the Act of September 6, 1927 (General Acts 1927, p. 674) authorizing cities and towns to fix and collect licenses for businesses conducted without the corporate limits but within the police jurisdiction thereof, with the limitation that any such license shall not in amount exceed one-half of the sum charged for a like business within the corporate limits.

The ordinance of the City, offered in evidence by plaintiff, fixed the tax at three-fourths of 1 cent for each gallon of gasoline sold. Presumably it was passed in the valid exercise of the police power (Walden v. City of Montgomery, 214 Ala. 409, 108 So. 231) and not as a source of revenue (Alabama Power Co. v. City of Carbon Hill, 234 Ala. 489, 175 So. 289), and the action of the municipal body in fixing the amount of the fee will not be disturbed by the Court unless it appears there was a manifest abuse of that power. American Bakeries Co. v. City of Huntsville, 232 Ala. 612, 168 So. 880; City of Birmingham v. Louisville & N. R. Co., 216 Ala. 178, 112 So. 742. The Courts are not to scrutinize the amount of the license tax too narrowly. Van Hook v. City of Selma, 70 Ala. 361, 45 Am.Rep. 85.

The testimony of witnesses offered by plaintiff discloses several businesses conducted within the police jurisdiction of the City but without its corporate limits, restaurants, grocery stores, filling stations and the like, with other business in connection therewith, some with rockola slot machines for dancing, some places selling beer, and that gasoline filling stations constitute greater fire hazards than other businesses.

The City's Chief of Police offered as a witness by plaintiff, testified as to the police, fire and sanitary protection rendered the area within the police jurisdiction of the City, with particular reference to the necessity for police surveillance and the frequency of the visits thereto.

Over defendant's objection plaintiff was permitted to testify the City had rendered him no service, he had never called for or needed service, had made no improvements for his benefit, that the State Highway Patrolmen worked out that way and he saw the City policemen about twice every three weeks. To that testimony the objection of the City should have been sustained. It was but an effort to show the inadequacy of service or merely no personal need or call therefor, and comes within the ruling of Walden v. City of Montgomery, supra; City of Prichard v. Harold, 28 Ala.App. 235, 186 So. 499, certiorari de-

nied in City of Pritchard v. Harold, 237 Ala. 277, 186 So. 504; City of Birmingham v. Wilson, 27 Ala.App. 288, 172 So. 292, certiorari denied in City of Birmingham v. Wilson, 233 Ala. 410, 172 So. 295.

The case of Alabama Power Co. v. City of Carbon Hill, 234 Ala. 489, 175 So. 289, holds nothing to the contrary. There the Court was able to state from the agreed facts that the ordinance, manifestly aimed at a single corporation conducting a single business, partly within and partly without the corporate limits, was one for the purpose of raising revenue only, and the conclusion in that case furnishes no basis for argument here.

■ Plaintiff insists that the bill of exceptions fails to state it contains all the evidence and that this Court cannot, therefore, review the ruling of the court as to the refusal of the affirmative charge, and that for like reason the Court cannot say the rulings on evidence were prejudicial. But the rule plaintiff would invoke is without application here for the reason that the Court was in error in submitting to the jury the question of the reasonableness of the ordinance. "When the unreasonableness vel non of an ordinance or by-law is asserted or urged, the question thus made is to be decided by the court, not the jury." Briggs v. Birmingham Railway, Light & Power Co., 188 Ala. 262, 66 So. 95, 96. City of Birmingham v. Louisville & N. R. Co., supra.

■ The defendant was, therefore, due the affirmative charge against a verdict for plaintiff as requested and the omission of the bill of exceptions in this regard is of no serious consequence.

■ Plaintiff questions, in his argument, the legal enactment of the ordinance he introduced in that the names of the councilmen voting thereon do not appear (citing Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874), though it does appear the vote was unanimous, five for and none against its passage. Upon the soundness of this contention we need express no opinion. This for the reason that the ordinance is presumably valid, and the burden of proof rested upon plaintiff to show the contrary. Bryan v. Mayor, etc., City of Birmingham, 154 Ala. 447, 45 So. 922, 129 Am.St.Rep. 63.

■ For aught appearing the full minute record would show exact compliance with the statute, and the burden resting upon plaintiff has not been met.

■ Like observations are applicable as to the amount of the license fee fixed. If the amount was in excess of one-half the gallonage tax for the same character business within the corporate limits, as limited by the statute, this too was a matter as to which the burden of proof was upon plaintiff. Upon the record before us plaintiff was not due a recovery.

Reversed and remanded.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.

## On Rehearing.

### GARDNER, Chief Justice.

We have carefully considered appellee's brief on this application for rehearing, and conclude no response thereto necessary, as we find ourselves still persuaded of the correctness of the holding as found in the original opinion.

With permission of the Court a brief, amicus curiae, has been filed by counsel representing the Alabama League of Municipalities, which may call for some slight elaboration of the opinion rendered.

■ In the first place we think the opinion makes perfectly plain that a municipal ordinance fixing a license fee for business conducted within the police jurisdiction which is within the statutory limitation is presumably valid and the burden rests upon the licensee to demonstrate any claimed invalidity. We likewise think the opinion makes clear that the mere fact the municipality had rendered no service to the particular business and that such business had never called for or needed any service was immaterial and inadmissible as proof.

■ The apprehension of counsel presenting the brief amicus curiae comes from a misinterpretation of the opinion in Alabama Power Company v. City of Carbon Hill cited in the original opinion. Nothing in that opinion was intended as qualifying the rule as to the inadmissible proof above noted. The opinion there held, in harmony with Van Hook v. City of Selma, 70 Ala. 361, 45 Am.Rep. 85, that in the matter of fixation of license fees in such cases a classification as to the character of business was proper, and indeed we think the court may well take judicial knowledge of the varying classifications. And the language of the opinion in the Carbon Hill case, which caused criticism, properly understood, is only by way of ar-

gument, under the agreed facts, to demonstrate the classification to which the business there involved belonged.

We agree with counsel that the whole area within the police jurisdiction, when such an ordinance is under attack, is to be considered together with the number of business houses and the population of the municipality and all factors to be considered, especially in view of the fact that the municipality is expected to maintain adequate police service for the entire area, both within the corporate limits and within the police jurisdiction of the municipality, even though no demand or call is made for such service.

As we observed in our original opinion the license fee charged in the Carbon Hill case was directed at a single corporation engaged in a single business within and without the corporate limits, and under the percentage basis of gross revenue the license fee without the corporate limits but within the police jurisdiction equaled in amount the license charge for the same business within the corporate limits [234 Ala. 489, 175 So. 293], "which is contrary to the spirit of the authority conferred", to use the language of the opinion.

Properly interpreted and understood there is nothing in the opinion in the Carbon Hill case which militates against the conclusion here or against the authorities herein cited. Further elaboration is unnecessary.

It results that the application for rehearing is denied.

Application overruled.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.