17 So.2d 451

**CITY OF PRICHARD v. RICHARDSON.**

**I Div. 211.**

Supreme Court of Alabama.

March 23, 1944.

Wm. G. Caffey, of Mobile, for appellee.

V. R. Jansen and Geo. E. Stone, Jr., both of Mobile, for appellant.

STAKELY, Justice.

This is a suit brought on the common counts to recover taxes in the amount of $1058.98, which the plaintiff, Cammie Richardson (appellee), claims to have paid under protest to the defendant, the City of Prichard, a municipal corporation (appellant). This amount was paid under protest, as appellant claims, as license taxes for the operation of a drive-in filling station or stations. Cammie Richardson operated the filling station or stations in the community of Toulminville, which was within the police jurisdiction of the City of Prichard, but outside its city limits. The theory of the right of recovery is that the ordinances exacting these license taxes were unconstitutional and void, since they were in fact revenue measures.

Appellant insists (1) that the pleading does not present the unconstitutionality of the ordinances, and (2) that under the law and the facts the invalidity of the ordinances was not established and the right of recovery shown.

The case was tried before the court without the intervention of a jury and resulted in a judgment for the plaintiff for $807.53. The trial court in effect found that the ordinances involved were unconstitutional, when applied to the plaintiff, because they produced revenue greatly in excess of what was necessary for regulation and police and fire protection. It concluded, however, that since some police and fire protection had been afforded, it could make a reasonable allowance to the city for this service and accordingly deducted about one-fourth of the plaintiff's claim and rendered judgment for the balance. This action of the court in so reducing the claim of the plaintiff is assigned as cross-error on this appeal.

It is insisted by the appellant that the court cannot pass on the validity of the ordinances under which the payments were exacted, except on a complaint setting up the ordinances and alleging the facts which show the invalidity. In other words, it is contended that a judgment cannot be rendered for the plaintiff on the common counts because there is nothing on the face of the complaint to show that the suit is to recover taxes paid under protest, except the general statement in the complaint that the plaintiff had filed a claim against the city which had been denied. The insistence is not well taken. On the contrary, when the defendant has received money which in equity and good conscience it should not retain, such money can be recovered on the common count for money had and received. This is true whether the defendant be an individual or a municipal corporation. This form of action is of an equitable character and greatly favored by the courts.

"'Assumpsit is an action of an equitable character, liberal in form, and greatly favored by the courts as a remedy. * * * No agreement is necessary; assumpsit will lie wherever the circumstances are such that the law, ex debito justitiæ, will imply a promise.' Allen v. M. Mendelsohn [& Son], 207 Ala. 527, 93 So. 416, 417, 31 A.L.R. 1063. See, also, to like effect Connecticut General Life Ins. Co. v. Smith, 226 Ala. 142, 145 So. 651; 7 C. J.S., Assumpsit, Action of, page 111, § 4, and 5 Corpus Juris 1392, where is cited Farwell v. Rockland, 62 Me. 296, a case here much in point, and in which the court observed: 'It may be that the plaintiff might successfully have resorted to mandamus. But however that may be, we have no doubt he can maintain assumpsit.'

"'And it is well settled that general assumpsit lies against municipal corporations.' Montgomery County v. Pruett, 175 Ala. 391, 57 So. 823, 824." Jefferson County v. O'Gara et al., 239 Ala. 3, 195 So. 277, 278.

"It is true, as argued by counsel for appellant, that general assumpsit is an equitable action, and under it a recovery should not be allowed of money which ex æquo et bono belong to the defendant. But the

authorities cited in that behalf have no application to a case where property has been tortiously seized under a writ issued on an assessment that is wholly void, and not merely irregular or defective. A summary of these authorities will be found in the text of 37 Cyc. 1174, 1175, C: 'An action at law may be maintained to recover taxes where they were wrongfully and illegally assessed and collected. * * *'" Town of Albertville v. Hooper, 196 Ala. 642, 72 So. 258, 259.

See also Montgomery County v. Pruett, 175 Ala. 391, 57 So. 823; Ward v. First National Bank of Hartford, 225 Ala. 10, 142 So. 93; Mobile County v. Byrne, 218 Ala. 5, 6, 117 So. 83; Woco-Pep Co. v. City of Montgomery, 213 Ala. 452, 105 So. 214; Raible Co. v. State Tax Comm., 239 Ala. 41, 43, 194 So. 560; National Bank of Boaz v. Marshall County, 229 Ala. 369, 370, 157 So. 444; First National Bank v. Jackson County, 227 Ala. 448, 150 So. 690; Winter v. City Council, 65 Ala. 403, 411; 7 C.J.S., Assumpsit, Action of, § 9, pp. 114, 115.

"Assumpsit is an action of an equitable character, liberal in form, and greatly favored by the courts as a remedy. * * * 'The equitable action for money had and received is supported by any state of facts showing money in the possession of the defendant which in equity and good conscience belongs to the plaintiff, and which he is entitled to receive.'" Tipton v. Duke, 221 Ala. 77, 80, 127 So. 524, 527.

In support of its position, appellant cites Alabama Lime & Stone Co. v. Adams, 218 Ala. 647, 119 So. 853. But this case merely holds that a count in code form states a cause of action and is not demurrable. Appellant also cites Singer Sewing Machine Company v. Teasley, 198 Ala. 673, 73 So. 969, 972. In this latter case the court simply held that when recovery of taxes illegally exacted is undertaken by filing a special count setting forth the special facts on which recovery is based, then such special count must contain apt averments of facts. In Singer Sewing Machine Co. v. Teasley, supra, the complaint "contained also two counts in common form for money received by defendant for the use of plaintiff." This court found no objection to these two counts. The same observation can be made as to the case of City of Andalusia v. Fletcher, 240 Ala. 110, 198 So. 64, where the original record shows that the suit for recovery of taxes paid under protest was maintained on the common counts.

■ This case becomes simplified if its fundamental basis is understood. A municipality has the right to impose licenses for regulation on businesses outside its city limits, but within its police jurisdiction. But when under the guise of regulation, such tax measures, as a matter of fact, constitute taxation for revenue, then such taxation becomes taxation without representation, the taking of private property without due process and is violative of constitutional rights. The cases hold that unless the unconstitutionality of the license ordinance appears on its face, then its invalidity must be shown by competent evidence.

"It is well settled that the power of the Legislature, except as restrained by the Constitution, is supreme in the enactment of statutory law and in the creation of subordinate governmental agencies, and in prescribing their powers and duties (State ex rel. Brooks v. Gullatt et al., 210 Ala. 452, 98 So. 373); that the Legislature may authorize a municipal corporation, under the police power, to regulate and license businesses carried on within a prescribed, reasonable limit outside of its corporate limits, and require the payment of such sum for such license as is reasonably necessary for the protection of the lives, health, and property of the citizens, the maintenance of good order and quiet of the community, and the preservation of public morals (Van Hook v. City of Selma, 70 Ala. 361, 45 Am.Rep. 85; Standard Chemical & Oil Co. v. City of Troy, 201 Ala. 89, 77 So. 383, L.R.A.1918C, 522; 37 C.J. 181, § 23).

"But the Legislature is without authority to authorize the levy of a tax for revenue on businesses or occupations not carried on within the corporate limits, as this would amount to taxation without representation and the taking of private property without due process of law, and for uses not authorized by the Constitution. 37 C.J. 181, § 23; Robinson v. City of Norfolk, 108 Va. 14, 60 S.E. 762, 15 L.R.A.,N.S., 294, 128 Am.St.Rep. 934.

"The constitutional integrity of the act of September 6, 1927, is not brought in question by this proceeding; nor is the reasonableness of the sum exacted by the several ordinances in question." White v. City of Decatur, 225 Ala. 646, 647, 144 So. 873, 874, 86 A.L.R. 914.

"But the Legislature is without authority to extend to cities the right to make a license charge for conducting a business outside of its corporate limits for the general revenue of the city. * * * But it may confer on cities the right to enact a license on such business located and conducted in their police jurisdiction as a reasonable and proper exercise of their right and duty to supervise them in that territory. Van Hook v. City of Selma, 70 Ala. 361, 45 Am.Rep. 85; 3 McQuillan on Municipal Corporations section· 952. * * *

"But all other questions aside, the amount of the tax as a police measure may be so much out of proportion to what is reasonable in relation to appellant's business, as to show that it is a subterfuge to raise revenue. * * *" Alabama Power Co. v. City of Carbon Hill, 234 Ala. 489, 492, 494, 175 So. 289, 291.

"It seems well settled by authority, that the power to license, if granted as a police power, must be exercised as a means of regulation only, and cannot be used as a source of revenue. [North Hudson County Ry.] Co. v. Hoboken, 41 N.J.L. 71; Mayor v. [Second Ave.] R. Co., 32 N.Y. 261; 1 Dill.Mun.Corp. § 359, note 1." Van Hook v. City of Selma, 70 Ala. 361, 363, 45 Am.Rep. 85.

The case of Walden v. City of Montgomery, 214 Ala. 409, 108 So. 231, 233, is not in any way adverse to the foregoing statement of principles. In this latter case an ordinance imposing a license on the operation of a lumber yard within the police jurisdiction, but outside the city limits, was involved. In this connection this court said:

"The ordinance appears upon its face to have been enacted in the exercise of the police power, and is presumed to be reasonable. Van Hook v. City of Selma, 70 Ala. 361, 45 Am.Rep. 85; Standard [Chemical &] Oil Co. v. City of Troy, 201 Ala. 89, 77 So. 383, L.R.A.1918C, 522. Nothing to the contrary is made to appear and we therefore hold the ordinance a valid exercise of the police power.

"Appellant sought to show that at the point where his lumber yard is located the service both as to fire and police protection was inadequate, but the trial court held such evidence immaterial to the issue presented. We think the ruling correct. These were executive or administrative matters, not involved in the question of the validity of the ordinance. * * *"

Walden v. City of Montgomery, 214 Ala. 409, 411, 108 So. 231.

In the foregoing case there was no effort to show the income produced by the ordinance in question and consequently there was no basis for inquiry showing or tending to show that the amount was unreasonably more than was necessary for regulation. Similar observation can be made with reference to our decision in the case of City of Andalusia v. Fletcher, supra. This case well states the presumption which the court will recognize as to validity of the ordinance and the degree of proof required to show·its invalidity.

"The ordinance of the City, offered in evidence by plaintiff, fixed the tax at three-fourths of 1 cent for each gallon of gasoline sold. Presumably it was passed in the valid exercise of the police power (Walden v. City of Montgomery, 214 Ala. 409, 108 So. 231) and not as a source of revenue (Alabama Power Co. v. City of Carbon Hill, 234 Ala. 489, 175 So. 289), and the action of the municipal· body in fixing the amount of the fee will not be disturbed by the Court unless it appears there was a manifest abuse of that power. American Bakeries Co. v. City of Huntsville, 232 Ala. 612, 168 So. 880; City of Birmingham v. Louisville & N. R. Co., 216 Ala. 178, 112 So. 742. The Courts are not to scrutinize the amount of the license tax too narrowly. Van Hook v. City of Selma, 70 Ala. 361, 45 Am.Rep. 85." City of Andalusia v. Fletcher, 240 Ala. 110, 198 So. 64, 65.

In the case of City of Prichard v. Harold, 28 Ala.App. 235, 186 So. 499, the court recognized the principle stated above, but denied recovery, on the ground that the proof failed to show that the amount of license exacted by the ordinance was unreasonably more than necessary for regulation.

In keeping with the foregoing authorities, the plaintiff's case in the present suit must be tested by the evidence adduced to show the exactions resulting from the ordinances which are involved, as contrasted with the amount reasonably necessary for regulation, fire and police protection. In the case at bar a serious effort was made by the plaintiff to show the amount of revenue derived from the ordinances, which makes this case different from the foregoing cases, except possibly the case of City of Prichard v. Harold,

370

supra. On the issue here discussed, each case must turn on its own particular facts.

■ ■ We have carefully examined the evidence both as to the amount of revenue derived from the ordinances and as to the cost and amount of regulation, fire and police protection. It is not practicable to set it all out here in detail. The figures were furnished by the defendant in answer to interrogatories propounded it by the plaintiff. Suffice it to say that we conclude the trial court had the right to find that under this evidence the revenue exacted by the ordinances was all out of proportion to the cost of regulation and protection and therefore that the licenses imposed on businesses outside the city limits amounted to taxation for revenue. As demonstrated by the foregoing authorities, such exaction is unconstitutional.

■ ■ There was evidence from which the court could conclude that all of the payments, including the initial payment of $795.48, were made under protest and that such payments were made under the ordinance of January 16, 1934, and the amendatory ordinance of April 20, 1936.

■ Assignments of error 8, 9, 10 and 11 are based on rulings of the court on questions to witnesses, seeking to show lack of fire and police protection in order to prove that the amount exacted was unreasonably more than was necessary for regulation, fire and police protection. As we have pointed out, the cases which have been referred to above are not authorities against this procedure where, as in this case, the amount exacted by the ordinances has been shown. If, as in those cases, there had been no proof of the amount produced by the ordinances, then such evidence would be inadmissible to rebut the presumption that the service was reasonable. Such is not the situation here.

■ The amount paid as license taxes to the defendant by the plaintiff aggregated $1058.98. The court rendered judgment for $807.53 on the theory that the difference amounting to $251.45 represented a reasonable allowance for regulation. By this action the court in effect constituted itself the taxing body. We think that the right to tax is beyond the power of the court. The plaintiff was either entitled to recover the full amount paid or none at all.

"And where the charge is so great as to be beyond the power of the municipality to impose, though a court may, in such case, declare the ordinance void, it cannot substitute its judgment for that of the municipal authorities and fix a smaller charge which may be regarded as reasonable. See Postal Telegraph-Cable Co. v. New Hope, 192 U.S. 55, 24 S.Ct. 204, 48 L.Ed. 338." Fylken v. City of Minot, 66 N.D. 251, 264 N.W. 728, 732, 103 A.L.R. 320.

See also City of Madera v. Black, 181 Cal. 306, 184 P. 397; 38 Am.Jur. p. 38; Phœnix Carpet Co. v. State, 118 Ala. 143, 141, 22 So. 627, 72 Am.St.Rep. 143.

In view of our conclusions, the judgment of the lower court is corrected so as to be in the amount of $1058.98, with interest from January 27, 1943.

Corrected and affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.