46 So.2d 568

**BRIDEWELL v. CITY OF BESSEMER.**

**6 Div. 780.**

Court of Appeals of Alabama.

May 23, 1950.

Lipscomb & Brobston, of Bessemer, for appellant.

338

Edw. L. Ball, of Bessemer, for appellee.

HARWOOD, Judge.

The suit below was on a complaint containing one count, for money had and received.

The cause was tried by the court without a jury, and the evidence consisted of an agreed statement of facts, plus the interrogatories and answers thereto propounded by the plaintiff to the defendant city.

Judgment below was in favor of the defendant, the City of Bessemer.

The stipulated facts were as follows:

"The license tax for the City of Bessemer on fortune tellers, clairvoyants, palmists and similar occupations, during the year 1947, was $1000.00, where such place is located within the corporate limits of the City of Bessemer; and $500.00 for such businesses located outside of the corporate limits of the City of Bessemer and within the police jurisdiction of the City of Bessemer. And that the plaintiff during said year was a fortune teller, or conducted a similar business during that year outside of the corporate limits of the City of Bessemer but within the police jurisdiction, and was charged a $500.00 tax, on which he paid $110.00 voluntarily, without making any formal protest verbal or in writing, and said sum has not been repaid plaintiff. And that his place of business was conducted in his home, which is located on the road between Bessemer and Hueytown, about a mile and a half beyond the City limits of City of Bessemer. And that no police or fire protection was furnished to him during the year 1947; and that recently the citizens in the community in which plaintiff lives and has his business paid $250.00 for the installation of a fire hydrant in said community, and were required to pay $50.-00 a year rent on the same to the City of Bessemer Water Service, a public city owned utility. That during said year plaintiff conducted an astrological or fortune telling business at the location above referred to. It is also agreed that the interrogatories propounded by the plaintiff to the defendant, and the answers thereto be introduced in evidence.

"It is further stipulated and agreed that the Ordinance imposing said tax is a revenue measure and is also a police measure in that it is designed to discourage fortune telling in said City and its police jurisdiction."

The evidence produced by the interrogatories and answers tended to show that there are no fortune tellers licensed in the City of Bessemer and only the plaintiff operated a fortune telling business within the police jurisdiction during the year 1947, and that no separate account was kept between the revenue collected by the city on businesses outside of the corporate limits and those inside of the corporate limits of the city, and that there were approximately 40 or 50 businesses taxed under the license ordinance outside of the city during the year 1947, which returned a revenue of approximately $6,000, thus showing that an average revenue from each such business would run between $120 and $150 during the year 1947.

Appellant's counsel argues that because it is stipulated that the ordinance in question was a revenue measure it is void, since under the doctrine of our cases a municipality is not authorized under our Constitution to levy a license tax for revenue purposes on businesses outside the city limits, but within its police jurisdiction. Such principle is well settled. Van Hook v. City of Selma, 70 Ala. 361, 45 Am.Rep. 85; City of Andalusia v. Fletcher, 240 Ala. 110, 198 So. 64; Alabama Power Co. v. City of Carbon Hill, 234 Ala. 489, 175 So. 289; City of Prichard v. Richardson, 245 Ala. 365, 17 So.2d 451. However, it is to be noted that it is further stipulated that the ordinance imposing said license tax "is also a police measure in that it is designed to discourage fortune telling in said City and its police jurisdiction."

Regardless of the stipulations, we must look to the ordinance itself to determine its validity, for the nature of the tax is not determined by the name given it, or by the use of some particular form of words, "but by the substance and realistic impact of the tax." King and Boozer v. State, 241 Ala. 557, 3 So.2d 572, 578.

In considering an ordinance we must start with the premise of its prima facie validity. Van Hook v. City of Selma, supra. Also, under the general law the City of Bessemer is authorized to adopt ordinances to provide for "the safety, pre-serve the health, promote the prosperity, improve the morals, order, comfort, and convenience" of its inhabitants. Section 455, Title 37, Code of Alabama 1940. Hence the City of Bessemer is authorized prima facie to levy license taxes of a regulatory nature within its police jurisdiction. White v. City of Decatur, 225 Ala. 646, 144 So. 873, 86 A.L.R. 914.

Appellant's counsel further argues that conceding that the City of Bessemer was authorized to prohibit absolutely the business of fortune telling, nevertheless, since the City of Bessemer has seen fit to license fortune tellers, and thus placed "the cloak of lawful identity on the business, it should not and cannot exceed the reasonable regulation standards" laid down by our statutes and decisions.

The fallaciousness of the above argument is that the "reasonable regulation standards" referred to by counsel were laid down in cases pertaining to ordinary and useful occupations.

In Mitchell v. City of Birmingham, 222 Ala. 389, 133 So. 13, 14, our Supreme Court had before it the validity of an ordinance prohibiting the business of fortune telling in the City of Birmingham.

The court concluded that such business is "so associated with cheats, frauds, imposition upon the credulous and superstition is such profession, that its absolute prohibition is generally declared to be within the police power of the state, and municipalities to which such power is delegated." The court further held that the ordinance was not void because in conflict with the general law of the State as evidenced by the fact that the State revenue laws provided for the licensing of fortune tellers, the court observing:

"Restrictive regulations are under the police power. *In a sense, they look to the same end as prohibitory acts.*

"Very clearly a business may be tolerated in some places and not in others; may be regulated by license in one and prohibited in another under one consistent policy." (Italics ours.)

Clearly then under the above decision the business of fortune telling is de-

nominated as a useless calling, and subject to police regulation. This being so, the City of Bessemer had the right to so combine its police power and taxing power as to levy a license tax which would discourage, and to all practical purposes prohibit, persons from engaging in the hocus pocus of fortune telling within the limits of its police jurisdiction. City Council of Montgomery v. Kelly, 142 Ala. 552, 38 So. 67, 70 L.R.A. 209, 110 Am.St.Rep. 43. For further elaboration of the above principle see also State v. Wilson, 101 Kan. 789, 168 P. 679, L.R.A.1918B, 374; 33 Am.Jur., Sec. 45; 53 C.J.S., Licenses, § 10(f).

It is our conclusion therefore that the ordinance in question was valid under the police power of the City of Bessemer, and that the judgment entered in favor of the city was correct.

Affirmed.