FAULKNER, Justice.
This is an appeal from a decree invalidating ordinance No. 653 of the City of Mountain Brook. We affirm.
On September 2, 1975, the City adopted the ordinance to become effective October 1, the first day of its 1975-76 fiscal year.
Section 1(b) of the ordinance defines “Trade, Occupation and Profession” as follows:
“The words ‘Trade, Occupation and Profession’ shall mean and include the doing of any kind of work, the rendering of any kind of personal services, or the holding of any kind of position or job within the City of Mountain Brook, Alabama, or within the police jurisdiction thereof, by any clerk, laborer, tradesman, manager, official or other employee, including any non-resident of the City of Mountain Brook who is employed by any employer as defined in this section, where the relationship between the individual performing the services and the person for whom such services are rendered is, as to those services, the legal relationship of employer and employee, including also a partner of a firm or an officer of a firm or corporation, if such partner or officer receives a salary for his personal services rendered in the business of such firm or corporation, but they shall not mean or include businesses, professions or occupations for which license fees are required to be paid under any General License Code or General License Schedule of the City or domestic servants employed in private homes.”
Section 2(b) of the ordinance provides:
“It shall be unlawful for any person to engage in or follow any trade, occupation or profession as defined in Section 1 outside of the corporate limits of the . City but within the police jurisdiction thereof on and after the 1st day of October, 1975, without paying license fees for the privilege of engaging in or following such trade, occupation or profession, which license fees shall be measured by one-half of one percentum (¥2%) of the gross receipts of each such person.”
The issue is whether Mountain Brook has any legal authority to levy a tax on income earned beyond its corporate limits, yet within its police jurisdiction. We hold that § 733, T. 37, Code of Alabama, the statute on which the City bottoms its authority, does not give it authority to levy the tax.
T. 37, § 733 authorizes a city to fix and collect licenses for any trade, business and profession within its police jurisdiction limited to one-half the amount charged for a similar license imposed on the same activity within its corporate limits. The statute restricts this authority to business, trade or profession. The legislature intended this section to be a regulatory — not a revenue statute. This court held in White v. City of Decatur, 225 Ala. 646, 144 So. 873 (1932) that the legislature may authorize a municipality, under the police power, to regulate and license businesses outside its corporate limits, and require payment of a sum as is necessary for the protection of the lives, health and property of the citizens, the maintenance of good order, the quiet of the community, and the preservation of public morals. But, said White, “the Legislature is without authority to authorize the levy of a tax for revenue on businesses or occupations not carried on within the corporate limits, as this would amount to taxation without representation and the taking of property without due process of law, and for uses not authorized by the Constitution.” Cf. City of Prichard v. Richardson, 245 Ala. 365, 17 So.2d 451 (1944). The trial court found that the ordinance imposed a tax for general revenue purposes. Our view of the evidence leads us to conclude that the trial court did not err.
We hold that the trial court correctly declared the ordinance invalid and unconstitutional.
AFFIRMED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.