THE MAYOR AND ALDERMEN OF JERSEY CITY ADS. HEN-
RY M. RIKER.

1. Money voluntarily paid, with full knowledge of the facts, cannot be recovered—and this rule applies to a voluntary payment of taxes.
2. But this rule is not applicable where the tax so paid has been set aside by a judicial decision.

On rule to show cause.

The plaintiff was assessed for the benefit to his property in Jersey City, by the construction of a sewer, in the sum of $810.57. This assessment was paid by him, and was subsequently set aside on *certiorari* in the Supreme Court. A re-assessment of the expenses of this sewer was then made by the commissioners appointed under the act of 1873, *p.* 442, such re-assessment amounting to the sum of $333.73. This suit was brought to recover the difference between the sum paid and the amount thus re-assessed. A verdict was taken for the plaintiff, and this motion was to set it aside.

Argued at November Term, 1875, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiffs, *I. W. Scudder* and *J. B. Vredenburgh.*

For the defendant, *Douglass* and *Lewis.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The principal objection to a recovery in this case is, that the plaintiff, having voluntarily paid the tax assessed upon his property, cannot maintain a suit for reimbursement. The general doctrine thus invoked is indisputable. There are a multitude of cases to the purpose, that when money is demanded as a legal right, and it is paid without compulsion, and with a full comprehension

of the facts, the money so paid cannot be reclaimed by a suit at law. The reason of this rule is, that the party paying had an opportunity to dispute the claim, and that having waived it at his own volition, it is impolitic to permit him to overhaul the transaction by an aggressive action. The doctrine is intended to be repressive of litigation, and is promotive of the policy expressed in the maxim, "*Inte* est *republicæ ut sit finis litium.*" The principle is forcibly stated by Mr. Justice Gibbs in the well known case of *Brisbane* v. *Dacres*, 5 *Taunton* 152. His language is : "We must take this payment to have been under a demand of right, and I think that where a man demands money of another, as a matter of right, and that other, with a full knowledge of the facts upon which the demand is founded, has paid a sum, he never can recover back the sum he has so voluntarily paid." Many decisions of like import can be found by referring to the notes in illustration of the judgment in the case of *Marriot* v. *Hampton*, 2 *Smith's Lead. Cas.* 400.

Nor are adjudications wanting which have enforced this rule, in its full rigor, in cases of payments of taxes which had been irregularly or illegally assessed. Chief Justice Shaw, in the case of *Lincoln* v. *Worcester*, 8 *Cush.* 55, declares that these are the three following requisites to a right to reclaim the money paid by force of illegal taxation : 1st. The authority to levy the tax must be wholly wanting ; 2d. The money sued for must have been received by the corporation for its own use ; 3d. The payment must have been made upon compulsion, and not voluntarily. Judge Dillon, in his Treatise on Municipal Corporations, says, that unless these conditions are all present, payment under protest will not give a right of recovery. (*Vol.* 2, *p.* 857.) This learned author cites in his notes, in corroboration of his views, a lengthened line of concurring decisions.

But the doctrine thus established is not applicable to the present case. The plaintiff does not claim a right of action simply on the ground that he has paid an illegal tax. If such were his attitude the adjudications cited would defeat a

recovery. But the suit does not rest on that basis. In this instance the authority to levy the tax was not wholly wanting, and the payment, in the legal sense, was voluntary; and under either of these conditions the law refuses to raise an implied promise to refund the money paid. Had this suit been brought upon the payment of the tax, and before any change in the situation had occurred, the case would have been the ordinary one presented in the reports and ruled by the decisions. But that is not so; there is a new element here, and that is, the tax which was paid has been set aside. The consequence is the payment has nothing, either in theory or in fact, to rest upon. The party is debarred from his action after a voluntary payment, because, of his own motion, he abandons his defence to the claim; this the present plaintiff did not do; on the contrary, he pushed his defence to a successful result. The payment of the tax in this instance has not added, in the least degree, to the litigation, and public policy, therefore, does not require a frustration of this procedure. The assessment being vacated by direct judicial action, the law raises an assumption to refund the money which can no longer be honestly retained. An assessment, in this respect, is analogous to a judgment, and when a judgment is reversed the defendant is restored, as nearly as practicable, to his original condition, and for this purpose a writ of restitution goes. In the case of *Close* v. *Stuart*, 4 *Wend.* 98, it is said: " The right of the plaintiff to the costs in error, and to a return of the money becomes perfect by the reversal of the judgment," and it was consistently held that the money so due would form the subject of a set-off. In this court upon reversals of judgments restitution has been repeatedly ordered without regard to the fact whether such judgments have been voluntarily paid or not. *Randolph* v. *Bayles, Penn.* 52; *Anonymous, Ib.* 900; *McChesney* v. *Rogers,* 3 *Halst.* 335; *Scott* v. *Conover,* 5 *Halst.* 61. The principle of this course of law is, that after the judgment is annulled the money paid upon it is due to the defendant *ex æquo et bono,* and that there is no paramount inconvenience in allowing its

reclamation. Certainly a tax assessment cannot be put upon higher ground; upon its vacation the money paid cannot, in good conscience, be retained by the public. In the present instance, the defendant has not a particle of right to the money in question; it is due to the plaintiff according to the principles of common honesty, and it is, therefore, not to be regretted that the attempt to withhold it by the *summum jus* has failed.

The other questions raised upon the argument have been examined, but they do not appear to me to be of any weight. The rule should be discharged.