POSTAL TELEGRAPH-CABLE CO *v.* NEW HOPE.

ERROR TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

No. 92. Argued December 11, 1903.—Decided January 4, 1904.

In an action against a telegraph company doing an interstate business for license fees taxed by a borough in Pennsylvania under an ordinance fixing the amount of the tax per pole and per mile of wire, the court held that while the question of reasonableness of the tax was one for the court he would submit it to the jury for their aid and as advisory only, directing them to find for the plaintiff if they regarded the amount as reasonable and for the defendant if they regarded it as unreasonable; the jury found a verdict for plaintiff for an amount less than that fixed by the ordinance and the court directed judgment to be entered thereon for the amount so found.

*Held* that if the amount of the license fee fixed by the ordinance was not reasonable the ordinance was void and neither the court nor the jury could fix any other amount.

*Held* that a verdict for an amount less than that fixed by the ordinance, and the order of the court to enter judgment thereon for the amount so found, amounted to a finding by the jury and the court that the ordinance was not reasonable and the verdict and judgment should have been for defendant.

*Held* that the general rule that the plaintiff alone can complain of a verdict for less than he is entitled to under the evidence does not apply where the only basis of his claim is an ordinance which is necessarily declared to be void by the finding of a verdict for an amount less than that fixed by the ordinance itself.

THE borough of New Hope in January, 1899, commenced an action against the telegraph company, the plaintiff in error herein, to recover from it the sum of $552, with interest, from the respective times in which portions of the amounts became due, the total charges being due from the defendant, as alleged, on account of a license fee taxed by the borough, (by virtue of an ordinance to that effect,) of one dollar for each pole and of two and a half dollars for each mile of wire used in the borough by the company, the license to be applied for and the fee to be paid annually.

The company made what is termed in the record an affidavit of defence, which, among other things, averred that it was a corporation organized under the laws of the State of New York and had accepted the act of Congress, approved July 24, 1866, relating to the construction of telegraph lines over any post road of the United States, 14 Stat. 221, and that its poles and wires through the borough of New Hope were employed and operated in the transmission of messages between the different States, and were therefore instruments of commerce; that the amount of the charges claimed to be due from the defendant under the ordinance was unreasonable, unjust and excessive; that the fee was sought to be justified as a license merely, but that the amount thereof was wholly disproportionate to the usual, ordinary and necessary expenses of inspecting and supervising the poles and wires imposed upon the borough of New Hope, and was largely in excess thereof, and the fee was also largely in excess of any additional liability of that kind and character imposed upon the borough in looking after the safety of the poles and wires and to see that they were properly maintained; and was also in excess of any further liability which might or could arise to the borough by reason of any injuries

to persons or property which might arise, or may have arisen, by reason of the erection of the poles and the stringing of the wires within the limits of the borough. It was further stated that the charges were more than ten times the amount of all kinds and character of expenses and liability which might have been incurred by the borough by reason of these poles and wires, and that in view of those circumstances the assessing of the license tax upon the telegraph company was for the purpose of raising and producing revenue, and was therefore void.

The company averred that it had paid the Commonwealth of Pennsylvania all taxes upon the value of its poles and wires, as included in and represented by its capital and upon the gross receipts derived from the use thereof, and it had paid its taxes upon its property in the borough of New Hope. That the expenses incurred by the borough during the period covered by the claim practically amounted to nothing, so far as regarded inspection and supervision.

The parties proceeded to trial, and the borough having proved the passage of the ordinance and the number of poles and the number of miles of wire as claimed in the complaint, thereupon rested.

The defendant proved that the only work done by the employés of the borough in regard to the poles and wires of the company during the four years included in the claim was to count the poles each year for the purpose of assessing the tax; that no other service on the part of the borough was performed under its police powers, or at all, in regard to inspection. The defendant also showed that it was an interstate telegraph company; that it had no public office in the borough, nor had there been any commercial office therein during the time in question; that there was no office in which business was received for which tolls were charged.

It was proved also that the entire value of the line of the company in the borough of New Hope (that is, the cost of the material and construction) amounted to less than $800, and

that the claim of the borough, graduated by the number of poles in the borough and the number of miles of wire strung on them, amounted to $138 per year, or to seventeen per centum of the cost of the line in the borough.

The company also proved that it employed servants, whose duty it was to erect the poles and string the wires and inspect and watch them, and keep them in proper repair and in safe condition; that the authorities of the borough did nothing whatever in the way of inspection of the lines.

The trial judge charged the jury, among other things, that the question which arose in the evidence in the case was that of the validity of the ordinance, to be determined by the amount and character of the charges against the company; that the borough had the right to enact such police regulations as might be necessary and reasonable in the government of the town, but in regard to the taxing question it had no right to go beyond the exercise of what was termed its police power; that if the ordinance was unreasonable in amount it was void; that the power to demand the license fee must be exercised as a means of regulation, and could not be used as a source of revenue, and that when exacted as a police power it must be limited to the necessary and proper expenses of issuing the license and of inspecting and regulating the business the license covers; that the borough had the right to impose such conditions and regulations as were necessary for the general protection of the streets and the uses of the same in the borough; that in doing this the borough could not be questioned, provided the license fee was a reasonable and just one and a proper one under the circumstances and commensurate with the probable requirements and exercise of the police or supervisory power of the borough. The court then said that it had a great deal of doubt as matter of fact and law as to whether this was a reasonable subjection or not, and it was frank to say:

"That we are inclined to the view that this is an arbitrary imposition of a license or tax rate. But it appears that our

brethren upon the bench in other localities have adjudged that similar rates are not unreasonable or unnecessary; but it is argued upon the part of the defence that in those cases there was not the same proof as has been developed here. There was not shown as clearly as there is here that the amount of money received as the result of the license was a clear revenue, irrespective of any requirement for police regulation. In other words, that this borough seems to have imposed a license fee to be expended and used in the exercise of a power and a duty which it has failed to exercise at all. Now then, gentlemen, while the question as to whether an ordinance is reasonable or not is for the court, and the court does not propose to evade that question, yet I have concluded to obtain the assistance and judgment of this jury as to whether an assessment, such as this is, under the circumstances of this case, is reasonable or unreasonable under the law, as I have laid it down, for this surely involves the facts. Now if you believe that it is unreasonable according to the facts you will render a verdict for the defendant; if you believe that it is reasonable and should be paid in the full amount you will render a verdict for the plaintiff for the amount of its claim, and the court hereafter will regulate judgment in accordance with such views, either upon a motion for a new trial or otherwise, as we shall entertain after having this opinion from you, in aid of its judgment, and to determine the doubt on the facts."

The court further stated:

"The borough of New Hope had no right to impose any charge for the privilege of erecting and maintaining said poles and wires in said borough except only such sum as will reasonably cover and reimburse to it the expense to it which it may be subjected in consequence of the erection and maintenance of said poles and wires, and if the license fees sued for in this case exceed said sum, your verdict shall be for the defendant."

Instead of finding a verdict for the amount due under the ordinance, or else a verdict for the defendant, as directed by

the court, the. jury on October 17, 1899, found a verdict for
$466.40. The trial judge directed judgment to be entered
for the borough for the amount of the verdict.  From that
judgment an appeal was taken by the company to the Supe-
rior Court of Pennsylvania, which affirmed the same, that
court holding that, the facts being undisputed, the question
of the validity of the ordinance was for the court to decide,
and that if on the undisputed facts the court would not have
been warranted in declaring the ordinance void, the submis-
sion of the question of its reasonableness to the jury was an
error of which the defendant had no just right to complain,
and the court held that it would not have been justified by
the precedents in declaring the ordinance void.·

The Supreme Court affirmed the judgment of the Superior .
Court, and upon the question that the verdict of the jury was
for a less sum than the ordinance called for, said that was a
matter of which, under the view of the law taken by the court,
(that the question of reasonableness was for it,) the plaintiff
might complain, but that it was such good luck for the de-
fendant. that it might well rest satisfied.  The company there-
upon sued out this writ of error.

*Mr. Frank R. Shattuck* for plaintiff in error.

*Mr. William C. Ryan* for defendant in error.

MR. JUSTICE PECKHAM, after making the foregoing state-
ment of facts, delivered the opinion of the court.

The ground upon which an ordinance of this nature may be
upheld is stated in the two cases of *Western Union Telegraph
Company* v. *New Hope*, 187 U. S. 419, and *Atlantic &c. Tele-
graph Company* v. *Philadelphia*, 190 U. S. 160.

The·trial court held that the question whether the ordinance
in this case was reasonable or not was one for the court, but he
submitted it to the jury for their aid and as advisory only, the

court stating to the jury that it would thereafter regulate the judgment to be entered in accordance with such views as the court might entertain as to the reasonableness of the ordinance, and after having the benefit of the assistance of the jury upon that question.

The direction to the jury was to give a verdict for the full sum, if it thought that the ordinance was reasonable, and if not—that is, if the jury thought that the ordinance was not reasonable—then the verdict should be for the defendant. The jury did not obey that direction. It returned a verdict for a considerably less sum than was due if the ordinance were valid, and by such verdict (regard being had to the charge of the judge) it necessarily found the license fee provided for in the ordinance was unreasonable and the ordinance itself invalid. The verdict is, therefore, simply evidence of what the jury conceived to be a reasonable sum, which it thereupon proceeded to assess by its verdict, and being much less than the ordinance called for. It made itself a taxing body, the verdict being the result of its own views as to what the fees should have been. When the verdict was rendered and the court directed judgment to be entered thereon it must have thereby concurred with the jury and held the ordinance unreasonable and therefore void. Otherwise, if the ordinance was valid, the court would have directed judgment for the full sum without reference to the verdict. Finding, therefore, that the ordinance was void, instead of directing judgment for the defendant, the court followed the jury and directed judgment for the sum which the court regarded as reasonable, being the same sum found by the jury. This follows because the court had theretofore stated that in its view this ordinance was an arbitrary imposition of a license tax, and the court also announced that the verdict of the jury was not conclusive and would be acted upon by it in accordance with such views as it might entertain after the verdict was rendered. But neither the court nor the jury had any power whatever to give judgment for what either might regard a reasonable sum, if that

sum were less than the amount provided for in the ordinance. The source of jurisdiction to give any verdict or judgment for the plaintiff was the ordinance. If the amount of the license fee provided for therein was unreasonable, the ordinance was void, and there was no power in either jury or court to substitute its own judgment as to what was reasonable and to give a verdict or direct a judgment to be entered for that sum. Finding the sum named in the ordinance unreasonable, the verdict or judgment should have been for the defendant.

The argument that plaintiff alone can complain that the verdict is too small is not well founded in this instance. It is undoubtedly the general rule that a verdict or judgment for a less sum for the plaintiff than he is entitled to under the evidence is matter of complaint for him alone, and if acquiesced in by him the defendant has no cause to complain that he is charged for a less sum than he ought to have been. On grounds already stated the reasons do not apply in a case like this.

Both the Superior and the Supreme Courts of Pennsylvania proceeded in their decisions upon the theory that the question was for the court, and that the ordinance was valid; but as the jury had found a less sum than provided for by the ordinance, the judgment might stand, and the defendant could not in such event complain that the judgment was too small. Those courts in effect reverse the finding of the jury that the ordinance was unreasonable and void, while at the same time maintaining a judgment based upon such finding.

In *Western Union Telegraph Company* v. *Borough of New Hope*, 187 U. S. 419, the question of the reasonableness of the license fee exacted was left to the jury, and the jury found a verdict in favor of the plaintiff, and judgment was rendered thereon, which was affirmed by the state courts upon appeal. Upon writ of error from this court the case was reviewed here, and it was held that, as the jury and the Court of Common Pleas, the Superior Court and the Supreme Court of Pennsylvania, had all held the ordinance reasonable, this court would

not say it was so manifestly wrong as to justify our interposition.

There is a difference, however, between such a case and one like this, where the jury and the trial court have, in effect, held the ordinance void, and a judgment has been entered which is unauthorized in any event, and which should have been for the defendant. Where it is a question of amount in an ordinance in a case like this, we have held that it is not improper to submit that question to a jury, although in general the reasonableness of an ordinance is matter of law for the court. *Atlantic &c. Telegraph Co.* v. *Philadelphia*, 190 U. S. 160.

In the case cited it was stated by Mr. Justice Brewer, speaking for the court, at page 166, as follows:

"It may be conceded that, generally speaking, whether an ordinance be reasonable, is a question for the court. As said by Judge Dillon, in his work on Municipal Corporations, 4th ed. vol. 1, sec. 327: 'Whether an ordinance be reasonable and consistent with the law or not *is a question for the court*, and not the jury, and evidence to the latter on this subject is inadmissible.' While that may be correct as a general statement of the law, and especially in cases in which the question of reasonableness turns on the character of the regulations prescribed, yet when it turns on the amount of a license charge it may rightly be left for the determination of a jury. There are many matters which enter into the consideration of such a question, not infrequently matters which are disputed, and in respect to which there is contradictory testimony."

We think that in this case, like that just cited, it was not improper to submit the question to the jury, and that the verdict necessarily found the license fee exacted by the ordinance unreasonable, and the ordinance itself was therefore void. The jury could not itself assess a tax and render verdict for the amount it might judge reasonable. A judgment entered upon such a verdict for the amount thereof was improper and illegal, as it should have been for the defendant, the ordinance being void.

The judgment of the Supreme Court of Pennsylvania should be reversed and the case remanded to that court for further proceedings not inconsistent with this opinion.

*It is so ordered.*

MR. JUSTICE HARLAN and MR. JUSTICE BREWER dissented.