JACK LEVIN, PROSECUTOR, v. CITY OF ASBURY PARK ET AL., DEFENDANTS.

Submitted January 30, 1931—Decided May 5, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *Benjamin M. Weinberg.*

For the defendants, *James D. Carton.*

PER CURIAM.

The writ is to review a conviction of the prosecutor in the recorder's court, of violating an ordinance relating to itinerant venders, by doing business without a license. At the beginning of 1930 the license fee was $200 per month, and on March 13th Rose Levin, wife of the prosecutor, took out a license for a month and paid that fee. This was renewed on April 13th to expire May 5th, and a proportionate fee of $153.33 paid. On May 12th another license for a month, expiring June 12th, was issued, and a fee of $200 paid. On May 20th the ordinance was amended by raising the fee to $500 a month, and on June 11th, the day before the license of May 12th expired, the city clerk notified Mrs. Levin to pay the $500 fee. This was not done, no renewal was issued, and on June 13th complaint was made against Jack Levin, who,

after a plea of not guilty and an orderly trial at which he offered no evidence, was convicted and sentenced to serve thirty days in the county jail, but released in custody of his counsel to facilitate a review of the conviction.

Prosecutor urges that the conviction is unlawful both on the law and on the facts; on the law, because (a) it is in conflict with the general act for the licensing and regulating of itinerant venders (*Pamph. L.* 1921, *p.* 478); (b) because it is in conflict with Article XV of the Municipalities act (*Pamph. L.* 1917, *p.* 358, *et seq.*, as amended by *Pamph. L.* 1929, *pp.* 406, 407); (c) the fee of $500 is unreasonable and excessive; (d) the fee was imposed for revenue, and the penalty is not in conformity with that purpose; (e) the ordinance leaves the penalty to the discretion of the trial court; (f) the penalty is wholly corporal in its character (*i. e.*, imprisonment only). These points will be considered before taking up the facts.

(a) The ordinance is not in conflict with the act of 1921 because in 1927 (*Pamph. L., p.* 521) the legislature repeated the authority of licensing conferred by the Municipalities act, stating that its object was not to repeal the act of 1921 but to confer "additional powers upon the municipality." We concur in the view of counsel for the city that the effect of this was to leave the act of 1921 in force where the municipality had not adopted an ordinance, but to permit it to frame its own regulations on the subject.

(b) We are unable to see that there is any repugnancy between the ordinance and the Municipalities act.

(c) As to the amount of license fee, we cannot say that it is unreasonable or excessive in view of the peculiar and temporary character of the business involved.

As to (d) it is fair to say that a high license fee up to the point of being prohibitive, may reasonably be regarded as a revenue producer.

(e) The penalty is expressly authorized by the Municipalities act. *Pamph. L.* 1917, *p.* 347.

As to the facts: it is first urged that prosecutor was not

an itinerant vender at all. The language of the act of 1921, *supra,* may be regarded as containing a statutory definition of the term. The important words are: "who engage in a temporary or transient merchandising business." The evidence seems clearly to show that prosecutor was within the scope of this definition. He bought a bankrupt stock and undertook to dispose of it in a few days by the usual placard and hand bill methods. Treating him and his wife as in effect one person—of which more presently—the facts show that "Mr. R. Levin" took out an ordinary license on March 13th, and Mrs. Rose Levin an itinerant license for a month on the same day. This, as already noted, was renewed twice, and such renewals may fairly be taken as an admission that the business had no permanent character. The fact that the second renewal was for a fraction of a month (until May 5th) gives force to this view; and the license of May 12th was again for a month only. If there had been any *animus menendi* why did this couple continue to pay a fee many times that of a permanent shopkeeper? The evidence is clear that they began on the temporary basis, and we find nothing to indicate that that status was changed, and much to indicate that it was not.

As to the point that the business was in fact that of the husband, we have the uncontradicted testimony of his declaration to another party that he was doing business in his wife's name; and the frequency of that sort of thing as a matter of common knowledge does not impair the credibility of that testimony.

We find no error in law or fact, and the conviction under review is therefore affirmed, with costs.