HARRY B. GURLAND, PROSECUTOR, v. TOWN OF KEARNY, IN THE COUNTY OF HUDSON, RESPONDENT.

Submitted October 7, 1941—Decided February 1, 1942.

Before Justices Bodine, Perskie and Porter.

For the prosecutor, *Nicholas S. Schloeder*.

For the respondent, *Calvin S. Koch*.

The opinion of the court was delivered by

Perskie, J.  The primary question requiring decision is whether section 6A-10 of respondent's ordinance imposing a license fee of $300 for each vehicle used in connection with the peddling of ice cream and ice cream combinations is valid. The secondary question is whether prosecutor's attack is premature.

On September 11th, 1940, respondent, Town of Kearny, passed an ordinance for revenue purposes effective June 1st, 1941, regulating and licensing the business of "peddling" goods, wares and merchandise in its town, fixing the "license fees" therefor, and providing penalties for the violation thereof.  *N. J. S. A.* 40:52-1, *et seq.*

Although prosecutor's attack is solely confined to section 6A-10 of this ordinance, reference to other provisions of this section and to other sections of the ordinance (all of which is before us) is advisable.

By section 6A it is provided, *inter alia,* that "each wagon, push cart, *bicycle,* tricycle, automobile, or other vehicles whether motor driven or not, used in connection with peddling shall be subject to a license fee  *  *  *  in accordance with the following schedule:

(1) Peddlers of ice and/or coal $10.00

(2) Peddlers of shrubbery, plants, bulbs, and products of the nursery $25.00

(3) Peddlers of fruits and vegetables $15.00

(4) Peddlers of house furnishing goods $30.00

(5) Peddlers of bread, cakes, pastries, and pies $50.00

(6) Peddlers of dairy products, butter, cheese, eggs and poultry (milk excepted) $25.00

(7) Peddlers of fish or fish products $25.00

(8) Peddlers of meats and/or groceries $50.00

(9) Peddlers of candy, soft drinks, sandwiches, box lunches and cigars $25.00

(10) *Peddlers of ice cream or ice cream combinations* $300.00

(11) Peddlers of dry goods, and wearing apparel $25.00

(12) Peddlers with wagon, push cart, automobiles, or other vehicles, whether motor driven or not, selling any articles not hereinbefore provided for, for each vehicle $25.00."

By section 8 it is provided that any separable invalid provision shall not affect any other provision of the ordinance.

By section 9 it is provided, *inter alia,* that if any person violate any of the provisions of the ordinance that upon conviction he pay $200 or be imprisoned for 90 days, or both.

No appearance was made or proofs submitted for respondent. Thus, from the uncontradicted proofs submitted for prosecutor, it appears that, at the time of the passage of the ordinance and for six years prior thereto, prosecutor was engaged in the business of peddling ice cream and ice cream combinations on the streets of Kearny, Belleville, North Arlington, Rutherford, Garfield and Bloomfield, all located in the northerly part of the state. For the past two years prosecutor's principal place of business has been located in Kearny. Prosecutor's business is operated on a seasonal basis, *i. e.,* between May 1st, to September 15th of each year. The vehicles employed in Kearny are bicycles. They are operated by local boys. The gross volume of business done by each boy is about $10 a day or about $1,000 a season. The net profits therefrom to prosecutor is about $100 on each vehicle.

For the season prior to the passage of the ordinance, prosecutor used five bicycles in Kearny for which he was obliged to and did pay Kearny a license fee of $5 for each bicycle

used. For a like license, by way of comparison, he paid $3 to Harrison, $50 to Belleville, and an average license fee of $15 in the other named municipalities.

An analysis of the license fee imposed for each vehicle used by peddlers of commodities embraced in the other eleven subdivisions of section 6A of the ordinance discloses that the next highest license fee imposed is one of $50. This fee is imposed for each vehicle used in connection with a business (peddling of meats and groceries) which, unlike prosecutor's business is not merely seasonal in character. While it is true that a "high license up to the point of being prohibitive may reasonably be regarded as a revenue producer" (*Levin* v. *Asbury Park*, 9 *N. J. Mis. R.* 515, 516; 154 *Atl. Rep.* 742; *Hoffman* v. *Mayor, &c., South River*, 13 *N. J. Mis. R.* 618, 619; 180 *Atl. Rep.* 394); that the presumption is (until the contrary is shown) in favor of the validity and reasonableness of a properly enacted ordinance (*American Grocery Co.* v. *Board of Commissioners of New Brunswick*, 124 *N. J. L.* 293, 297; 11 *Atl. Rep.* (2d) 599; *affirmed*, 126 *N. J. L.* 367; 19 *Atl. Rep.* (2d) 696); it is equally true that a municipality may not under the guise of a high fee for revenue prohibit rather than license and regulate the legitimate business, as here, of peddling ice cream and ice cream combination products. If this was not so, the municipality would accomplish indirectly what it could not accomplish directly. *Cf. N. J. Good Humor, Inc.*, v. *Bradley Beach*, 124 *N. J. L.* 162; 11 *Atl. Rep.* (2d) 113.

But be that as it may, there is no need to labor that which is so manifestly obvious. Here the license fee of $300 for each bicycle used by prosecutor in connection with his business equals 30% of his gross sales. Neither his business nor any other like legitimate business can long survive such imposts however much the municipality may need revenue. (For a comparison of license fees with relation to gross sales see *Giant Tiger Corp.* v. *Camden*, 122 *N. J. L.* 240; 4 *Atl. Rep.* (2d) 775; *American Grocery Co.* v. *Board of Commissioners of New Brunswick, supra.*) The license fee here ($300) is not only clearly unreasonable, oppressive and confiscatory in comparison with the other license fees imposed

as aforesaid but, under the proofs, is patently so in fact without recourse to comparisons. We so hold.

Subdivision 10 of section 6A of the ordinance is unconstitutional. *Cf. Great A. & P. Tea Co.* v. *Camden,* 122 *N. J. L.* 47; 4 *Atl. Rep.* (2d) 16, which case is also dispositive of the unreported cases of *Great A. & P. Tea Co. et al.* v. *Board of Commissioners of Atlantic City* (Nos. 207, 216, 228, January term, 1939, Supreme Court).

Nor is prosecutor's attack premature. He was not, under the circumstances, obliged to await a conviction under the ordinance as urged for respondent.

The applicable rules are well settled. One who seeks to set aside an ordinance, on *certiorari,* on the ground that it is either arbitrary, unreasonable, oppressive, discriminatory or confiscatory, may not do so unless the ordinance is so *"in toto,"* and that an *"*attack on any part of it must await a conviction thereunder." *Payne* v. *Seabright,* 14 *N. J. Mis. R.* 756; 187 *Atl. Rep.* 627; *Bullock* v. *Wooding,* 123 *N. J. L.* 176, and cases there collated (at *pp.* 178, 179) ; 8 *Atl. Rep.* (2d) 273. This rule is, however, not without its exceptions. If the attack on the ordinance is by one in the capacity of a citizen and taxpayer, and if his status as such has not been attacked by proofs or other proceedings, prior to final hearing, his qualifications are beyond attack. *Bullock* v. *Wooding, supra,* and cases cited (at *p.* 179). And if the one who attacks the ordinance has a "direct interest" in setting it aside, and "if any of the reasons for so adjudicating are valid, and, at the same time, is a cause for which the court will vacate the ordinance *in toto,* the court may adjudge it to be void before any action to enforce it has begun." *Rosencrans* v. *Eatontown,* 80 *N. J. L.* 227; 77 *Atl. Rep.* 88.

Prosecutor here has a live, direct and substantial pecuniary interest in subdivision 10 of section 6A of the ordinance. It is an interest which is peculiar to him. It seriously affects his business. Instead of being able to buy five licenses for $25 as he had been able to buy prior to the passage of the ordinance, he was obliged to and did deposit the sum of $225, *i. e.,* $75 for each of three licenses which he bought after the passage of the ordinance and in pursuance of a compromise

with respondent of the condition of the *allocatur* which required him to deposit $375 within ten days from its allowance. Prosecutor has indeed a real interest in the challenged provision of the ordinance.

As we have pointed out, subdivision 10 of section 6A is clearly separable from the remaining subdivisions. Thus the challenge thereof had a "breadth" which is not present in the typical case of *Siciliano* v. *Township of Neptune,* 83 *N. J. L.* 158; 83 *Atl. Rep.* 865, holding to the contrary. For subdivision 10 may well be considered and determined as if it had in fact constituted the sole subject-matter of the ordinance under review and, as to prosecutor, it would be void *"in toto."*

In that circumstance, it appears to us, and we so hold, that reason and justice utterly fail to support the general requirement that one, as prosecutor here, should first submit to a prosecution based upon an invalid but separable provision of an ordinance and thus subject himself to the penalties for the violation thereof, to the waste of time and money incident to his defense thereto, and appeal therefrom, especially when, as here, the proofs stand unchallenged.

Subdivision 10 of section 6A of the ordinance before us is set aside, with costs.