AUTOMATIC MERCHANDISING COUNCIL OF NEW JERSEY, AUTOMATIC CATERING, INC., B & C VENDING INC., CRYSTAL VENDING COMPANY, AND PARKWAY VENDING CO., INC., PLAINTIFFS-RESPONDENTS CROSS-APPELLANTS, v. THE TOWNSHIP OF EDISON IN THE COUNTY OF MIDDLESEX, A MUNICIPAL CORPORATION, DEFENDANT-APPELLANT, CROSS-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 5, 1984—Decided May 1, 1985.

Before Judges McELROY and DREIER.

*Peter A. DeSarno* argued the cause for appellant (*Mr. De-Sarno* on the brief).

*Douglas S. Brierley* argued the cause for respondent (*Schenck, Price, Smith & King,* attorneys; *Clifford W. Starrett,* of counsel; *Mr. Brierley* on the brief).

PER CURIAM.

This is a class action brought in behalf of owners and operators of vending machines located in Edison Township challenging the validity of township ordinance no. 0.38–81 adopted November 12, 1981 which imposed a licensing fee of $40 annually upon each such machine. The trial judge held the ordinance invalid because the annual licensing fee of $40 was arbitrary and unreasonable and greatly exceeded the costs of regulation and any additional revenue factor reasonably or incidentally related to such regulatory costs. He held the ordinance invalid only to the extent the annual fee for each machine exceeded $15 and directed a refund to plaintiffs and other members of the class for the license periods of the years 1981–82 and 1982–83 of any sums paid in excess of that amount.

The township appeals contending that the judge erred in his ultimate conclusion as to the invalidity of the ordinance, that its licensing fee was not confiscatory, *ergo* it was reasonable, and that the judge erred in limiting its proofs to the calculations supportive of the $40 figure it had set forth in answers to interrogatories and to its calculations contained in a later report it furnished plaintiff after the court, in a pretrial status conference, had directed the township to furnish all the figures upon which it would rely to justify that figure. Lastly, it contends that when the court set a $15 limit to the licensing fee which could be charged it went beyond its judicial powers and "performed an act which the Legislature had delegated, under the statutes, to the municipalities, not to the court."

Plaintiffs cross-appeal contending the judge erred in holding that *N.J.S.A.* 40:52–1(d) and (g) and *N.J.S.A.* 40:52–2 give the township the power to license vending machines. They contend that the power to do so only springs from *N.J.S.A.* 40:48–2 and in such case the fee must be limited to the reasonable costs of regulation.

Ordinance no. 0.38–81 was enacted following the entry of an order on October 5, 1981 in a legal challenge to a prior ordinance which had set a graduated fee ranging from $15 to $30 per machine. The judge in that case declared the ordinance invalid as arbitrary and unreasonable in amount, determining that a fee of $10.27 per machine might be justified. The judgment was stayed for 60 days to permit the township to enact and adopt an ordinance setting a reasonable licensing fee.

In response, the township adopted the ordinance in question which imposed a fee of $40 per machine. Plaintiffs filed suit to invalidate the new ordinance and for a refund of the amounts paid for the licenses. A four day trial was held before another judge who concluded that the licensing power here utilized was granted under *N.J.S.A.* 40:52–1(d) and (g), and *N.J.S.A.* 40:52–2. The latter statute permits license fees enacted pursuant to the former statute to "be imposed for revenue." *See Salomon v. Jersey City*, 12 *N.J.* 379, 390 (1953). The *Salomon* court held, however, that such a license fee must nevertheless be reasonably related to regulatory costs and only incidentally provide revenue so as to avoid amounting to an unauthorized taxing measure. *Ibid.*

The proofs at the second trial, although different from those of the first suit, were hardly of a quality to justify a $40 per machine licensing charge, even assuming a reasonable and incidental revenue factor. The judge found that plaintiffs had sustained their burden of proving that the fee set by ordinance no. 0.38–81 was arbitrary and unreasonable and he declared the ordinance invalid. The judge factually determined that the regulatory costs of the township's Division of Health was acceptable at $4.35 per machine but found the testimony of the township supervisor of the Department of Licensing and Permits vague and confusing and his recitation of its policing and regulatory functions highly exaggerated. He found as a fact that the costs of that department's regulation per machine amounted to $2.58. Thus, the judge concluded that the proven

costs of both departments to regulate any one machine under the ordinance totaled only $6.93.

Since he determined that the licensing power was derived from *N.J.S.A.* 40:52–1(d) and (g) and a license fee could be imposed in such case for revenue reasonably related to regulatory costs under *N.J.S.A.* 40:52–2, he concluded that $15 was the maximum fee that could reasonably have been charged under a valid ordinance. He declared the ordinance invalid to the extent it charged a fee in excess of that amount. It cannot escape notice that the $40 fee here set by the township was a figure six times the proven regulatory costs. The trial judge viewed the figure as an impermissible attempt to tax the machines, a power not granted to the township by the Legislature. *Gilbert v. Irvington,* 20 *N.J.* 432, 436–437 (1956); *Salomon v. Jersey City,* 12 *N.J.* at 390.

■ Our review of the evidence convinces us that the legal conclusion of the judge that the power here exercised was derived from *N.J.S.A.* 40:52–1(d) and (g) and *N.J.S.A.* 40:52–2, rather than from *N.J.S.A.* 40:48–2, is correct. Equally, we are persuaded that his factual determinations are supported by sufficient credible evidence and require no appellate intervention. *Rova Farms Resort v. Investors Ins. Co.,* 65 *N.J.* 474, 483–484 (1974); *State v. Johnson,* 42 *N.J.* 146, 161–162 (1964). Accordingly, we affirm so much of the judgment entered May 27, 1983 as declares the ordinance invalid as arbitrary and unreasonable in setting an annual fee of $40 per machine. We do so substantially for the reasons stated by Judge Skillman in his comprehensive and well reasoned oral opinion rendered April 7, 1983.

■ We find no merit in the township's contention that the trial judge abused his discretion in limiting its proofs to materials it furnished plaintiff in answers to interrogatories and to the figures in the second Borelli report it furnished on February 28, 1983, at the judge's direction after the pretrial status conference. The interrogatories clearly called for all of the

figures supportive of the $40 fee charged in the ordinance. Moreover, the record reveals no dispute about the fact that at the pretrial status conference the trial judge ordered the township to "provide more specific answers to interrogatories 16 and 18 by February 28, 1983, with a copy to the Court, or be barred at trial from presenting any calculation of the cost of inspection or other cost justification for the fee charged, except for the Borelli study, set forth in Mr. Borelli's letter of October 26, 1981." This was fair notice in a case which eventually started on March 24, 1983. The information sought to be elicited by the township was or should have been known to it long before the second day of trial when it first sought to develop it. It was the very basis of its decision to impose a $40 fee. We see here no "extraordinary and compelling reasons" for the judge to have relaxed *R.* 4:17–7 or his prior explicit order.

In any event, we have carefully examined appellant's proffer of proof made at trial and find it sorely lacking in probative value. The testimony elicited from Mr. Grun on the proffer of proof can only be described as vague in content and speculative at best. This evidence, if allowed, would have added no material dimension to the question of direct or indirect costs of regulating the vending machines. Grun admitted on cross-examination that the "cost" items to which he could testify were otherwise covered by the time study sheets already in evidence and to the extent he had additional items he had no figures which would demonstrate reasonable costs.

The proffer of proof, attempted through the testimony of Mr. Borelli, rises to no higher level than the testimony of Grun. His testimony of April 5, 1983 demonstrates an attempt by appellant's counsel to conduct discovery during the course of trial with calculations being made, upon doubtful foundation, from the witness stand. When one gives this impromptu testimony its greatest possible weight, it amounts to indirect costs of $5.00 per machine in 1982 and $5.34 in 1983. When added to the $6.93 figure found by the trial court the direct and indirect

costs per machine are $11.93 for 1982 and $12.27 for 1983. It is a settled principle that "mathematical exactness is not required" as to regulatory-revenue producing fees imposed under *N.J.S.A.* 40:52–1 and 2. *Nelson Cooney & Son, Inc., v. Tp. of So. Harrison,* 57 *N.J.* 384, 394 (1971). Nevertheless, the type of business here regulated and licensed cannot realistically be said to place any special impact or burden upon the community services and finances. The burden here appears to be upon the health department which inspects the machines and the department of licensing which does the paper work. The ordinance in question has, in operation, only these relatively minimal regulatory features. Equally, the actual costs of supervision and regulation are demonstrated to be minimal compared to the $40 per machine attempted to be exacted, even when one accepts appellant's proffer of proof which presented figures that only demonstrate a yearly average total cost of approximately $12 per machine. Clearly, there is here no logic or reason to an imposition of a fee of $40, an amount approximately 70% above the greatest figure appellant offered to prove.

We find no merit in appellant's contention that absent a demonstration that its licensing fee is confiscatory it must be presumptively reasonable. This argument is disingenuous. The test of the validity of a licensing fee imposed pursuant to *N.J.S.A.* 40:52–1 and *N.J.S.A.* 40:52–2 does not require proof that it is confiscatory. Such proof may indeed be grounds for declaring a license fee unreasonable. *See Gilbert,* 20 *N.J.* at 437 ("[T]he power to regulate does not embrace the power to prohibit in the guise of a confiscatory tax."). However, the standard by which a fee is to be judged is whether its amount is within the statutorily granted power of a municipality "to license and regulate, as police measures for the public health, safety, morals or welfare, the local businesses described therein, and only incidentally to impose on the businesses thus licensed and regulated license fees for revenue which may, at least within reasonable limits, exceed the regulatory costs." *Salomon,* 12 *N.J.* at 390; *Accord, Gilbert,* 20 *N.J.* at 436–437.

Lastly, appellant contends that the trial judge exceeded his judicial powers by determining what fee, including a revenue factor reasonably related to the statutory right to raise revenue, could legitimately be imposed. It argues that the setting of such figure is a legislative function and that the court, when it set an annual figure of $15 per machine, "performed an act which the legislature had delegated, under the statutes, to the municipalities, not the court." Appellant contends that this action of the judge was "an act of legislation and therefore the decision is reversible on those grounds."

In order to properly address this argument the decision of the trial judge must be placed in proper perspective. The judge, having declared the $40 fee invalid as arbitrary and unreasonable and faced with plaintiffs' demand for a full refund of the monies wrongfully extracted, attempted, with good intent and purpose, to do that which he felt would be equitable in circumstances where he felt the $40 fee was not imposed in bad faith but was a mistaken abuse of the township's statutory authority. He regarded *In re Fees of State Bd. of Dentistry*, 84 *N.J.* 582 (1980) as authority for his order that the township refund any amount paid by plaintiffs in excess of the $15 license fee he found to be reasonable and statutorily permissible. Thus, while declaring the ordinance invalid he reasoned that "only to the extent that the license fee is excessive" is the ordinance invalid and "the first $15 of fees imposed by the ordinance are valid but that the remaining $25 out of the $40 is invalid." He did so because he felt it would be unfair "for plaintiffs to totally escape ... paying a fair amount for regulating their business and to shift that burden to the taxpayers of Edison, simply because the governing body of Edison has mistakenly set the licensing fee too high."

The net effect of this ruling is judicial amendment of the ordinance, a right reserved to the local legislative body. No one can doubt the judicial power to find an ordinance partially invalid where its provisions are intended to be severable and

"the remaining provisions are functionally self-sufficient as containing the essentials of a complete enactment." *Gross v. Allan,* 37 *N.J.Super.* 262, 269 (App.Div.1955). This is not such a case. The primary purpose of this ordinance was to set a fee to cover cost of supervision and regulation of the vending machine business and impose a revenue factor reasonably and incidentally related to that purpose.

The role of a court in circumstances such as these is to determine the validity of the ordinance. In the course of doing so a conscientious judge will, as did this judge and the first judge who considered the original ordinance imposing a graduated fee up to $30, attempt to give objective guidance and to demonstrate the irrationality of the fees sought to be imposed. He can do no more. Unfortunately, the message may, as here, be ignored and a simple matter of properly setting a statutory fee results in two expensive lawsuits and two separate appellate reviews. It is time this simple issue reached a conclusion but, unfortunately, a court is not constitutionally empowered to declare the fee which may statutorily be imposed. "[W]hile a court may have power to determine the unreasonableness of a license ordinance, fee or tax, it cannot amend the ordinance or substitute a smaller fee or tax, and it may merely declare the ordinance or exaction void." 9 *McQuillan, Municipal Corporations* (3rd ed., rev.1978) § 26.101, p. 219. The requested ruling has concomitant effect on the question of the amount of refund, a subject we will discuss, *infra.*

Although no New Jersey case appears to have directly addressed the issue raised by this argument, there is sparse but persuasive authority elsewhere demonstrating that where a court invalidates a license fee ordinance as excessive it may not then set the proper fee because to do so would be an intrusion into the legislative prerogative. In *Postal Telegraph Cable Co. v. Borough of New Hope,* 192 *U.S.* 55, 24 *S.Ct.* 204, 48 *L.Ed.* 338 (1904), the municipality brought an action to compel a telegraph company to pay a license fee of $552, imposed by its

ordinance. The telegraph company refused to pay the fee because, among other reasons, it believed the fee to be excessive and unreasonable. At trial, the court charged the jury that a municipality could impose a license fee only as a regulatory measure and that it could not use the fee to produce revenue. The jury, apparently disregarding the court's instruction, returned a verdict for the municipality in the amount of $466.40 and the court entered judgment in that amount. The judgment was affirmed by both Pennsylvania appellate courts but the United States Supreme Court reversed holding the court improperly awarded the lower fee after declaring the ordinance void. The court explained that:

neither the court nor the jury had any power whatever to give judgment for what either might regard a reasonable sum, if that sum were less than the amount provided for in the ordinance. The source of jurisdiction to give any verdict or judgment for the plaintiff was the ordinance. If the amount of the license fee provided for therein was unreasonable, the ordinance was void and there was no power in either jury or court to substitute its own judgment as to what was reasonable, and to give a verdict or direct a judgment to be entered for that sum. Finding the sum named in the ordinance unreasonable, the verdict or judgment should have been for the defendant.

In *City of Prichard v. Richardson*, 245 *Ala.* 365, 17 *So.*2d 451 (Ala.Sup.Ct.1944), the operator of a filling station paid a license fee, $1,058.98, to the municipality for the right to conduct business. Although the court determined that the license ordinance was unconstitutional because it provided revenue in excess of that necessary for regulation, it refunded only $807.53 because it acknowledged that the municipality had performed some regulatory function. On appeal, the Supreme Court of Alabama noted that the power to license under the police power must be limited to defraying regulatory costs and that it could not be used to produce revenue. *Id.* at 454. The court affirmed the lower court's decision holding the fee excessive and the ordinance invalid but disagreed with the court's decision to award a refund on the basis of what it believed to be a reasonable regulatory fee. The Court held:

The amount paid as license taxes to the defendant by the plaintiff aggregated $1058.98. The court rendered judgment for $807.53 on the theory that the

difference amounting to $251.45 represented a reasonable allowance for regulation. By this action the court in effect constituted itself the taxing body. We think that the right to tax is beyond the power of the court. The plaintiff was either entitled to recover the full amount paid or none at all.

'And where the charge is so great as to be beyond the power of the municipality to impose, though a court may, in such case, declare the ordinance void, it cannot substitute its judgment for that of the municipal authorities and fix a smaller charge which may be regarded as reasonable. *See Postal Telegraph-Cable Co. v. New Hope*, 192 *U.S.* 55, 24 *S.Ct.* 204, 48 *L.Ed.* 338.' *Fylken v. City of Minot*, 66 *N.D.* 251, 264 *N.W.* 728, 732, 103 *A.L.R.* 320.

*See also City of Madera v. Black*, 181 *Cal.* 306, 184 *P.* 397; 38 *Am.Jur.* p. 38; *Phoenix Carpet Co. v. State*, 118 *Ala.* 143, 141, 22 *So.* 627, 72 *Am.St.Rep.* 143.

In view of our conclusions, the judgment of the lower court is corrected so as to be in the amount of $1058.98, with interest from January 27, 1943. [*Id.* at 455–456].

*In re Fees of State Bd. of Dentistry* does not control and did not deal with the issue here raised. It concerned the question of whether a state administrative agency was obliged to make refunds for fees it charged dentists in excess of its statutory authority and whether a refund of excessive fees would be inappropriate for public policy reasons. The case did not involve the setting of a fee which in part contained a license tax factor. 84 *N.J.* at 584, 589. The Court made no attempt to set the fees which could be charged. Rather, it remanded the issue to the Board to make the simple calculations necessary to comply with its statutory duty to fix fees at a level that would only produce the monies necessary to cover its actual needs, as required by *N.J.S.A.* 45:1–3.2, and to refund any excess amounts. *Id.* at 586.

Thus, we cannot fault the basic premise of appellant's argument that the trial court erred in setting a figure for the license tax properly to be imposed and we, as appellant requests, are constrained to reverse that part of the judgment which orders a partial refund. It is of no moment that plaintiffs have not sought to appeal the denial of a full refund. Appellant has appealed the action taken by the trial judge as one exceeding his powers. Our determination that this is so and the need to remand the case reopens the question of plaintiffs' right to a proper refund since the judgment in any

event must be corrected on remand. It follows that plaintiffs, who sought such a refund, are entitled to that right.

It is settled law that where an assessment by a municipality is judicially declared invalid and a full refund is sought the municipality may not retain the monies so extracted. *City of Prichard v. Richardson*, 17 *So.*2d at 456. New Jersey cases hold to the same rule and have done so for years. *See e.g., In re Fees of State Bd. of Dentistry*, 84 *N.J.* at 587 and cases therein cited. The applicable rule is stated in *Mayor, etc., of Jersey City ads. Riker*, 38 *N.J.L.* 225 (Sup.Ct.1876). "The assessment being vacated by direct judicial action, the law raises an assumption to refund the money which can no longer be honestly retained." *Id.* at 227. In *Riker* the court analogized the vacation of a tax to annulment of a judgment and concluded "a tax assessment cannot be put upon higher ground; upon its vacation the money paid cannot, in good conscience, be retained by the public." *Id.* at 228. The court concluded that the municipality "has not a particle of right to the money in question; it is due to the plaintiff according to the principles of common honesty, and it is, therefore, not to be regretted that the attempt to withhold it by the *summum jus* has failed." *Ibid.*

Accordingly, the judgment of May 27, 1983 declaring the fee set by ordinance no. 0.38–81 invalid is affirmed except to the extent that it implicitly sets an annual fee of $15 per machine. That part of the judgment is reversed and vacated and the matter is remanded to the trial judge for an order calculating the sums due the named plaintiffs and the members of the class for a full refund of the fees paid. Likewise, the fee due to plaintiffs' counsel to be paid out of the refund to the members of the class shall also be fixed.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.